(No. 68038.—)

WILLIAM SEGAL, Appellee, v. EUGENE SACCO,
Deputy Sheriff, *et al.*, Appellants.

*Opinion filed May 23, 1990.*

RYAN, J., dissenting.

Richard M. Daley and Cecil A. Partee, State's Attorneys, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Myra J. Brown, Kenneth T. McCurry and Frank J. Oles, Assistant State's Attorneys, of counsel), for appellants.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Fluxgold, of counsel), for appellee.

James T. Newman, of Robert J. Cooney & Associates, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE CALVO delivered the opinion of the court:

On December 9, 1985, plaintiff, William Segal, filed a complaint in the circuit court of Cook County against defendants, Deputy Sheriffs Eugene Sacco and Charles Thornton. Plaintiff alleged that defendants assaulted him while defendants were executing a levy on December 8, 1983. Plaintiff did not place his complaint for service with the sheriff.

On April 24, 1986, plaintiff filed a motion in the circuit court for leave to have a special process server appointed; the motion was granted. Defendants were subsequently served on April 29, 1986, and May 5, 1986. Nineteen weeks passed between the filing of plaintiff's complaint and placement of the complaint for service with the special process server.

On July 2, 1986, after a determination was made by the office of the State's Attorney to represent defendants in this matter, counsel from the State's Attorney's office filed a motion to vacate any technical defaults and for leave to file appearances for defendants. Also filed by defendants was a section 2—619 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) to dismiss plaintiff's complaint with prejudice based upon Supreme Court

Rule 103(b) (107 Ill. 2d R. 103(b)). The motions were scheduled to be heard on October 16, 1986. On that date, plaintiff requested and received a continuance until November 17, 1986. On November 17, 1986, plaintiff failed to appear and the circuit court allowed defendants' motion to dismiss with prejudice based upon Supreme Court Rule 103(b) for failure to exercise reasonable diligence to obtain service.

On April 3, 1987, plaintiff's motion to vacate the dismissal order was denied, and plaintiff appealed to the appellate court. On September 28, 1988, the appellate court, with one justice dissenting, reversed the circuit court's order of dismissal with prejudice. (175 Ill. App. 3d 504.) On December 20, 1988, defendants filed a motion before this court for leave to file their petition for leave to appeal *instanter*. This court allowed defendants' motion on December 27, 1988, and allowed defendants' petition for leave to appeal on April 15, 1989 (107 Ill. 2d R. 315). An *amicus curiae* brief was filed by the Illinois Trial Lawyers Association.

Defendants' section 2—619 motion was based upon Supreme Court Rule 103(b). Rule 103(b) provides:

"(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

Rule 103(b) does not state a specific time limitation within which a defendant must be served. The rule "has an essential purpose in promoting the expeditious handling of suits by giving trial courts wide discretion to

dismiss when service is not effected with reasonable diligence." (*Karpiel v. La Salle National Bank* (1970), 119 Ill. App. 2d 157, 161.) The plaintiff has the burden of showing reasonable diligence in service of process. (*Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261.) Dismissal under Rule 103(b) is within the sound discretion of the circuit court. *Mosley v. Spears* (1970), 126 Ill. App. 2d 35.

The issue is whether the circuit court abused its discretion by dismissing plaintiff's action with prejudice.

The appellate court majority reversed the decision of the circuit court, finding the circuit court to have abused its discretion. The majority found "the circumstances presented here do not justify an order of dismissal." (175 Ill. App. 3d at 508.) The dissenting justice disagreed, finding plaintiff failed to meet his burden of showing he had exercised reasonable diligence in effecting service. We agree with the majority that, under the circumstances, an order of dismissal was not justified.

The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 900; *Galvan v. Morales* (1972), 9 Ill. App. 3d 255, 258.)

> "Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible." (*Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90.)

(*Mathis v. Hejna* (1969), 109 Ill. App. 2d 356.) It has long been noted that "[p]revention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run, was a primary reason for the passage of Supreme Court Rule 103(b) and its predecessors." *Kar-*

*piel,* 119 Ill. App. 2d at 160; *Meyer v. Wardrop* (1976), 37 Ill. App. 3d 243.

Different factors which a court may consider in determining whether to allow or deny a Rule 103(b) motion include, but are not limited to, (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. (See *Wallace v. Smith* (1979), 75 Ill. App. 3d 739; *Connaughton v. Burke* (1977), 46 Ill. App. 3d 602.) These factors must be considered in light of the purpose of Rule 103(b).

In this case, the reason given by plaintiff for failure to place the summonses for service for 19 weeks after the filing of his complaint was that plaintiff inadvertently forgot to do so. Upon realization of this, plaintiff moved for leave to have a special process server appointed, which was allowed by the circuit court on April 24, 1986. Defendants were subsequently served on April 29, 1986, and May 5, 1986.

Defendants agree with the dissent in the appellate court and argue there was no abuse of discretion on the part of the circuit court in dismissing plaintiff's action with prejudice due to the passage of 19 weeks between the filing of plaintiff's complaint and the placement of the summonses for service.

Plaintiff agrees with the majority in the appellate court that "the time here was simply too short to permit dismissal with prejudice of the entire action." (175 Ill. App. 3d at 506.) Plaintiff argues that a dismissal with prejudice of his cause, based solely on an unintentional delay of 19 weeks in the service of process, does not

serve the purpose of Rule 103(b). Because the delay was inadvertent, plaintiff argues he was not undermining, or attempting to circumvent, the statute of limitations. According to plaintiff, the appellate court was correct when it noted there was "no indication *** that the 19 weeks of inactivity between filing the complaint and issuing summons caused evidence to grow stale, witnesses to become out of reach, or memories to lapse." (175 Ill. App. 3d at 506.) Plaintiff argues the purpose of protecting defendants from stale claims would not be served by barring him from asserting his cause of action.

It should be noted this cause arose in Cook County, where it is not uncommon for a trial not to occur until years after the filing of a complaint. We agree with the majority in the appellate court that the inadvertent delay of 19 weeks did not threaten the circuit court's ability to " 'proceed expeditiously to a just resolution of the matter before it.' " (175 Ill. App. 3d at 506-07, quoting *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282.) The delay in this case did not "continue[ ] long after the expiration of the statute of limitations." *O'Connell*, 112 Ill. 2d at 282.

Dismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a "fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible." (*Geneva Construction Co.*, 4 Ill. 2d at 289-90.) In this case, defendants were deputy sheriffs. Plaintiff knew defendants were employed in the office which normally effectuates service of process on defendants in civil suits. Upon discovery that defendants had not been served, it was not unreasonable for plaintiff to have moved for the appointment of special process servers. After the special process servers

were appointed, both defendants were served within 12 days.

In this case, because the length of the delay in the service of process was such that the purpose of Rule 103(b) would not be served by dismissing plaintiff's action, the allowance of defendants' Rule 103(b) motion by the circuit court was an abuse of discretion. It would not be an abuse of discretion for a circuit court to allow a dismissal with prejudice under Rule 103(b) for a delay equal to or shorter than the delay present in this case if the delay occurs under circumstances which serve to deny the defendants a "fair opportunity to investigate the circumstances upon which liability against [the defendants] is predicated while the facts are accessible." (*Geneva Construction Co.*, 4 Ill. 2d at 289-90.) Under such circumstances, the purpose of Rule 103(b), the protection of defendants from unnecessary delay and the prevention of the circumvention of the statute of limitations, would be promoted.

The judgment of the appellate court, remanding the cause to the circuit court for further proceedings, is affirmed.

*Affirmed.*

JUSTICE RYAN, dissenting:

The entire history of this case demonstrates a lack of diligence by the plaintiff at every turn. The complaint was not filed until the last day of the statute of limitations. In fact, the complaint was filed one day after the statute of limitations had run, but since December 8, 1985, was a Sunday, the filing of the complaint on Monday, December 9, 1985, was timely. As the majority opinion notes, nothing was done by the plaintiff to obtain service on the defendants until April 24, 1986, more than 19 weeks after the complaint was filed, at which time plaintiff filed a motion to have a special process

server appointed. Thereafter, service on the defendants was had on April 29, 1986, more than 20 weeks after the complaint was filed and on May 5, 1986, 21 weeks after the complaint was filed. I will address this aspect of lack of diligence later.

Plaintiff's demonstrated indifference did not end with the service of process. The defendants' motion to dismiss was filed July 2, 1986, and set for hearing on October 16, 1986. Again, the plaintiff delayed the proceeding by obtaining a continuance for a month, and then when the motion was called for hearing on November 17, 1986, the continued date, plaintiff did not appear and the court dismissed the plaintiff's complaint pursuant to the defendants' motion. Plaintiff filed a motion to vacate the dismissal order but there was no hearing on that motion until 4½ months later, on April 3, 1987.

Addressing now plaintiff's lack of diligence in obtaining service, I wish to point out that our Rule 102(a) (107 Ill. 2d R. 102(a)) provides:

> "*Promptly* upon issuance, summons (together with copies of the complaint ***) shall be placed for service with the sheriff or other officer or person authorized to serve process." (Emphasis added.)

It appears that plaintiff did not have summonses issue when the complaint was filed. Nothing was done by the plaintiff until 19 weeks after the filing of the complaint, when the plaintiff had summonses issue and a special process server appointed. Service was then had on the defendants within a few days after the issuance of the summonses, but that does not excuse the complete lack of diligence plaintiff exhibited before that time. The requirement of Rule 102(a) that, upon issuance, summons shall be promptly placed for service, coupled with the requirement that a copy of the complaint be attached to the summons for service, indicates that it is not the in-

tent of that rule that the complaint be filed and nothing further done for 4½ months.

Our Rule 103(b) (107 Ill. 2d R. 103(b)) provides for the dismissal of a case for the failure of plaintiff to exercise reasonable diligence to obtain service. That rule addresses lack of diligence in two separate time frames: (1) lack of diligence in obtaining service prior to the expiration of the statute of limitations and (2) lack of diligence in obtaining service after the expiration of the statute of limitations. If the failure to exercise reasonable diligence in obtaining service occurs before the running of the statute of limitations, the rule provides that the action *may* be *dismissed without prejudice.* The commentary to that rule states that prior to the expiration of the statute of limitations, a delay in service does not prejudice a defendant. (107 Ill. 2d R. 103, Committee Comments.) However, if the failure to exercise reasonable diligence to obtain service occurs after the expiration of the statute of limitations, the rule provides that the dismissal *shall be with prejudice.* This case involves a lack of diligence in obtaining service after the statute of limitations expired. The entire period of time under consideration, from the filing of the complaint to the service of summonses, transpired after the running of the statute. Thus, under Rule 103(b), if there was a lack of reasonable diligence in obtaining service, the court was required to dismiss with prejudice.

The majority attempts to justify its holding by somehow assuming that the delay in this case did not deny defendants a fair opportunity to investigate the claim against them and indicates that a dismissal with prejudice is justified only when the effect of delay in service is to deny defendants such an opportunity. This is not the purpose of Rule 103(b). Instead, that is the purpose of the statute of limitations. The legislature has defined the time within which an action must be commenced.

The legislature has established these time limitations to protect defendants against stale claims and to afford defendants a fair opportunity to investigate claims against them. I agree with the majority that a dismissal under Rule 103(b) is a harsh penalty, but it is also a harsh penalty to dismiss a complaint because it was filed after the statute of limitations had expired. In other words, if the complaint in this case had been filed on the day that service of summons was had, no one would seriously contend that plaintiff's complaint should not be dismissed simply because the defendants were not denied a fair opportunity to investigate the claim.

There are really two questions that must be considered: Did the plaintiff use reasonable diligence in obtaining service of the summonses and did the trial court abuse its discretion in finding that the plaintiff did not? The question is not, as the majority opinion states, "whether the circuit court abused its discretion by dismissing plaintiff's action with prejudice." (136 Ill. 2d at 286.) If the trial court found that the plaintiff did not use reasonable diligence in obtaining service, then Rule 103(b) requires that the dismissal *shall* be with prejudice. Thus, the issue is whether the trial court abused its discretion in finding that the plaintiff did not use reasonable diligence in obtaining service.

In assessing the trial court's dismissal order, the majority opinion correctly states the governing rules, but then does not follow them. The opinion acknowledges that trial courts have wide discretion to dismiss when service is not effected with reasonable diligence, that the plaintiff has a burden of showing reasonable diligence in the service of process, and that dismissal under Rule 103(b) is within the sound discretion of the trial court. After reciting these rules, however, without any proof of diligence on the part of the plaintiff, the court simply concludes that the trial court abused its discretion be-

cause the length of delay in service of process was such that the purpose of Rule 103(b) would not be served by dismissing plaintiff's action. That is a very nebulous standard and the conclusion is an *ad hoc*, purely subjective determination by the majority which gives no deference to the determination of the trial court and which is based on no showing of diligence by the plaintiff. This court, in framing Rule 103(b), made the test for dismissal under that rule whether the plaintiff exercised reasonable diligence. The rule does not refer to the delay in service depriving defendant of a fair opportunity to investigate the claim or to the length of the delay as tests to be applied. It may be that under certain circumstances it is appropriate to consider as elements of reasonable diligence the factors relied on by the majority. However, there must be some reasonable explanation for the delay. Plaintiff should not be permitted to file a complaint and do nothing. The legislature set the statute of limitations at two years, not two years and five months. Plaintiff's conduct here, in effect, extended the statute of limitations. It has been stated that the purpose of Rule 103(b) is to prevent the circumvention of the statute of limitations. (See *Hanna v. Kelly* (1980), 91 Ill. App. 3d 896.) Plaintiff's action here is purely and simply a circumvention and avoidance of the two-year statute of limitations.

In determining whether plaintiff has used reasonable diligence in obtaining service, a trial court must consider several factors. If the plaintiff had placed the summonses for service and the defendants could not be found or if their addresses were unknown, or if the sheriff had misplaced the summonses, or if there were some other reasonable explanation for the delay, failure to serve the defendants until 20 weeks after the complaint was filed might well have been found to be reasonable diligence on the part of the plaintiff. However, the focus

should be on the plaintiff's efforts and the reasonableness of those efforts under the circumstances. In making the determination of reasonable diligence, length of delay is only one factor to be considered and the weight to be given to that factor depends on the reason for the delay. I point out again that Rule 102(a) contemplates *prompt* issuance of the summons and *prompt* service of the summons and the complaint. In our case, the plaintiff gives no reason for the delay other than inadvertence. The majority cites *Wallace v. Smith* (1979), 75 Ill. App. 3d 739, and *Connaughton v. Burke* (1977), 46 Ill. App. 3d 602, and lists seven factors to be considered in determining the question of reasonable diligence in obtaining service. Not one of those factors weighs in favor of plaintiff under the facts of our case. Those factors are: (1) length of time to obtain service (in our case five months); (2) activity of plaintiff (plaintiff did nothing for 19 weeks—he did not even have the summonses issue or have a special process server appointed during that period); (3) plaintiff's knowledge of defendant's location (plaintiff knew the defendants were deputy sheriffs and that they could have easily been located in the sheriff's office, probably in the same building where the complaint was filed); (4) the ease with which defendant's whereabouts could have been ascertained (response to factor number 3 applies equally to factor number 4); (5) actual knowledge on the part of the defendant of the pendency of the action as a result of ineffective service (there has been no ineffective service and there has been no showing that the defendants had actual knowledge of this action from other sources); (6) special circumstances which would affect plaintiff's situation (there were no special circumstances—plaintiff just neglected to have summonses issue); and (7) actual service on the defendant (plaintiff did eventually obtained service on defendants; otherwise, this case would not be before us). This

factor was taken from language from *Felton v. Coyle* (1965), 66 Ill. App. 2d 4, which is not applicable here. In that case, the original summons and three alias summonses had been placed for service. Defendant was finally served with the third alias summons. The court stated that "[t]he fact that the plaintiff obtained service strongly supports the contention that he exercised reasonable diligence to obtain service." (66 Ill. App. 2d at 6.) In our case, the fact that defendants were served five months after the complaint was filed without any other showing as to plaintiff's efforts does not establish reasonable diligence. Ordinarily, factor number 7 is not listed in discussing the factors to be considered in determining whether or not plaintiff has exercised reasonable diligence. (See *Clemons v. Atlas* (1989), 185 Ill. App. 3d 894.) In *Wallace v. Smith*, cited by the majority, factor number 7 is not listed, nor is it listed in *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 264, which is cited by *Connaughton v. Burke* as authority for the statement that these seven factors are to be considered.

In *Wallace v. Smith* and *Connaughton v. Burke*, the court stated that the standards for determining reasonable diligence are objective. As noted above, the majority seems to have applied an *ad hoc* subjective test. Also, these two cases hold that the burden is on the plaintiff to produce facts showing that reasonable diligence was exercise. Here, the plaintiff made no showing. In fact, the plaintiff did not even show up at the hearing on the defendants' motion to dismiss.

It is also stated in *Wallace v. Smith* and in *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, that it is not necessary for the defendant to show that he was prejudiced by the plaintiff's delay. As noted above, the majority seems to base its finding that the trial court abused its discretion on the fact that the delay was not of sufficient length to deny defendants "a fair opportunity to investigate the

circumstances upon which liability *** is predicated while the facts are accessible." In essence, the majority is saying there has been no showing of prejudice to defendants. This is contrary to the established law in this State as stated in the appellate cases cited above, which hold there need be no showing of prejudice to the defendant and that the burden is on the plaintiff to establish reasonable diligence.

Thus, the holding of the the majority finds no support in the facts of this case when measured by the objective factors set out in *Wallace v. Smith* and *Connaughton v. Burke*. The majority opinion is also contrary to the holding of these cases in that it requires that there be a showing of prejudice to the defendant. Under the objective tests set out in the cases cited, the facts of the case before us clearly demonstrate that the trial court did not abuse its discretion in finding that the plaintiff did not use reasonable diligence in obtaining service of process. I therefore dissent.