NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 26, 2007[*]
Decided March 27, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 07-1194

| | |
|---|---|
| PATRICK B. KOMESHAK, D.C., d/b/a KOMESHAK CHIROPRACTIC and THOMAS L. KALTENBRONN, D.C., individually and on behalf of others similarly situated, | Appeal from the United States District Court for the Southern District of Illinois |
| *Plaintiffs-Appellees*, | No. 06 C 193 |
| *v.* | David R. Herndon, *Judge.* |
| RISK ENTERPRISE MANAGEMENT SERVICES, INC., *Defendant-Appellant*. | |

**ORDER**

Chiropractors Patrick Komeshak and Thomas Kaltenbronn filed suit on behalf of a putative class on February 14, 2005–four days before the effective date of the Class Action Fairness Act of 2005, ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

(2005).  They erroneously named Risk Enterprise Management Services, Inc. as defendant in the complaint and erroneously listed Ronald Gage as agent for the defendant.  The actual name of the organization plaintiffs were attempting to sue is Risk Enterprise Management Limited ("REML") which has no affiliation with Ronald Gage.  (Ronald Gage is listed in the Illinois Secretary of State's corporation database website as the registered agent for REM Services, Inc., an unrelated company that is dissolved.)  The plaintiffs attempted to serve process on REML through Ronald Gage seven times between March 9, 2005 and March 14, 2005, but were unsuccessful each time because of their error.

The plaintiffs took no further action until October 2005 when they attempted to serve REML's correct corporate agent–CT Corporation.  But CT Corporation twice refused service because the plaintiffs still listed the incorrect name for REML.  On December 28, 2005, the state court corrected the name on the docket sheet and on February 7, 2006, the plaintiffs perfected service.  REML removed the case to federal court in March 2006, arguing that the December 28, 2005 amendment of the defendant's name commenced a new case for CAFA purposes.  The plaintiffs filed a motion to remand the case to state court arguing that the amendment relates back to the original filing date and thus precedes CAFA's February 18, 2005 effective date.  The district court agreed and remanded the case to state court.  On January 23, 2007, we granted REML's petition for permission to appeal.

State procedural law determines whether substituting a party in a state case commences a new case.  *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006).  In this case, the determination turns on whether the plaintiffs exercised reasonable diligence to obtain service on REML.  *See* 735 Ill. Comp. Stat. 5/2-616(d); Ill. Sup. Ct. R. 103(b).  To determine whether a plaintiff has exercised reasonable diligence, Illinois courts look to the length of the delay, the plaintiff's activities, whether the plaintiff is aware of the defendant's location, whether the defendant's location could be easily ascertained, actual knowledge of the complaint on the part of the defendant, special circumstances affecting the plaintiff's efforts, and actual service on the defendant.  *See Segal v. Sacco*, 136 Ill. 2d 282, 287 (1990).

We cannot agree with the district court's determination that the plaintiffs exercised reasonable diligence during the year that they attempted to serve REML.  After the plaintiffs failed to serve REML in March 2005, there is no record that they made any attempt to discover REML's correct information for seven months.  Indeed, when they did attempt to serve REML's correct agent in October 2005, they again attempted to serve process using the incorrect name for REML.  Further, the record demonstrates that the plaintiffs had access to REML's correct name all along in the form of checks they received as payment from REML.  Any additional information–including the agent's name and address–was readily available at the Illinois Secretary of State's corporation database.  Accordingly, the judgment of the

district court is REVERSED and the case is REMANDED with instructions to DENY the plaintiffs' motion to remand.