2017 IL App (1st) 161853

No. 1-16-1853

Opinion filed December 15, 2017

Fifth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RESURGENCE CAPITAL, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 M1 103777 |
| | ) | |
| THOMAS KUZNAR, | ) | Honorable |
| | ) | Joyce Marie Murphy Gorman, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice Gordon concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Thomas Kuznar appeals the judgment of the circuit court, which ruled in favor

of the plaintiff in this small claims action to collect on Kuznar's credit card debt. Kuznar

challenges the circuit court's decisions to deny his motions for sanctions and discovery and to

deny his motions to dismiss the case for lack of jurisdiction, failure to timely effectuate service,

failure to state a cause of action, or on statute of limitations grounds. Kuznar also challenges the

circuit court's evidentiary decision concerning certain testimony and finding that plaintiff did not

violate statutory provisions concerning fraud.

¶ 2    For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4    On January 23, 2012, plaintiff Resurgence Capital, LLC (Resurgence) filed a complaint against defendant Thomas Kuznar, seeking payment on a Chase Bank USA, N.A. (Chase) credit card account with a balance of $3614.97. Resurgence attached to its complaint bills of sale demonstrating it was the ultimate assignee of all right, title, and interest in Kuznar's Chase account, pursuant to Resurgence's purchase of the account in September 2011, the card member agreement governing the use of the account, and an affidavit attesting that Resurgence had all right, title, and interest in the account.

¶ 5    In February 2012, the sheriff's office of Cook County indicated it was unable to serve Kuznar with process at his residence, 4309 West Henderson Street, Unit 1, in Chicago. Resurgence issued an alias summons directing service upon Kuznar at his residence, but in May 2012 the special process server, Marshall Grady, indicated he was unable to serve Kuznar due to Kuznar's "threatening nature" and requested that Resurgence seek alternate service on Kuznar. Specifically, Grady stated that the landlord confirmed that Kuznar lived in the unit and, on Grady's third attempt, someone came to the door and looked at him through the peephole. Grady left a note with his name and number and later received a telephone call from a man who used a restricted phone number. The man was insulting, stated that the police had been called, said that Grady was to cease and desist his service attempts, and warned that he knew Grady's name and address. When Grady explained his position and the nature of the documents, the man said, "Whatever," and hung up. The next day, Grady telephoned the landlord, who said he would call Kuznar and instruct him to call Grady, but Grady never received a call from Kuznar.

¶ 6 Resurgence moved for alternate service, and in October 2012, the trial court allowed Resurgence to serve Kuznar by certified and first class mail. Accordingly, Kuznar was served on November 16, 2012, by alternative service as directed by the court. In January 2013, Resurgence moved for a default and judgment against Kuznar.

¶ 7 On February 11, 2013, at the 2 p.m. presentment on the motion for default, the court entered judgment in Resurgence's favor in the amount of $3614.97 plus court costs. However, later that same day, at approximately 3:42 p.m., Kuznar filed a motion to quash service and set aside the default judgment. The motion was typed and included citations to statutes and case law. Although the motion was filed on February 11, 2013, it alleged Kuznar "first learned about this action on February 15, 2013 upon checking the online Court Docket." In his attached affidavit, Kuznar stated that he was not served by certified or "U.S. Mail." Meanwhile, on February 13, 2013, Resurgence sent Kuznar a letter informing him that a judgment had been entered against him. On March 12, 2013, the court quashed the summons and vacated the default judgment against Kuznar, who was the only party present. Resurgence did not receive a copy of Kuznar's motion to quash or the March 12 order vacating the default judgment, and the trial court would find in later proceedings that Kuznar failed to notify Resurgence of these matters.

¶ 8 Meanwhile, in December 2015, Resurgence filed a third-party citation to discover assets on a bank, which indicated on January 4, 2016, that it had frozen the assets in Kuznar's account, totaling 36 cents, in response to Resurgence's citation. On January 14, 2016, Kuznar filed an emergency motion to dismiss the third-party citation, dismiss the case with prejudice, and grant him leave to file a petition for sanctions against Resurgence for filing a false and fraudulent third-party citation after the default judgment had been vacated on March 12, 2013. The trial

court granted Resurgence's request to voluntarily dismiss the citation and ordered that no bank fees would be assessed against Kuznar.

¶ 9    Kuznar filed his petition for sanctions in January 2016, and Resurgence filed its response in February 2016. In March 2016, Kuznar filed a reply and also moved to substitute the judge as of right and to conduct discovery concerning the authenticity of the signature of Resurgence's counsel on the citation. Resurgence filed a sur-reply and Kuznar filed an objection and request to strike Resurgence's sur-reply. Kuznar's motion to substitute the judge was granted in April 2016.

¶ 10    On April 29, 2016, the trial court (1) denied Kuznar's petition for sanctions, (2) struck Kuznar's petition for discovery, (3) found that Kuznar had submitted to the jurisdiction of the court, (4) stated that Kuznar has been tendered a copy of Resurgence's complaint in open court, and (5) set the case for trial on July 7, 2016. Kuznar moved the court to reconsider this order and thereafter moved to quash the subpoena served on Chase for records of Kuznar's account and for the issuance of a protective order. The trial court denied Kuznar's motions.

¶ 11    On July 5, 2016, Kuznar moved to dismiss Resurgence's claims but failed to obtain the requisite leave of court to file such a motion in a small claims case. Kuznar also filed his answer, which denied all of Resurgence's allegations relating to the account and raised as affirmative defenses the statute of limitations, failure to state a claim, lack of standing, contributory negligence, violation of a consumer fraud statute, unclean hands, estoppel, unjust enrichment, and laches.

¶ 12    On July 7, 2016, the trial court heard testimony and received evidence from the parties, stated that it had weighed the credibility of Kuznar as a witness, and entered judgment in Resurgence's favor in the amount of $3238.74 plus costs. According to its written order, the trial

court found that (1) Resurgence's complaint stated a cause of action; (2) Resurgence filed the complaint within the five-year statute of limitations; (3) Resurgence diligently prosecuted its case and any delay was caused by Kuznar's failure to give Resurgence notice that the trial court had vacated the default judgment; (4) Kuznar did not present and the court did not find any evidence of fraud; (5) contributory negligence was not an applicable defense; (6) there was no breach of the consumer fraud statute; (7) there was no evidence of unclean hands, estoppel, unjust enrichment, or laches; and (8) Resurgence established that it was the owner of the account at issue by showing a valid chain of title from the original issuer to Resurgence. No court reporter was present at the trial to record the proceeding, and the record on appeal does not include a bystander's report.

¶ 13    Kuznar timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, Kuznar first argues the trial court erred in denying his petition for sanctions against Resurgence for filing a fraudulent third-party citation after the default judgment entered against him had been vacated. Kuznar asserts Resurgence falsely claims that it was not properly notified of his motion to quash service and vacate the default judgment, the hearing on that motion, and the trial court's order granting the motion. Kuznar argues that sanctions against Resurgence are appropriate under Illinois Supreme Court Rules 137 (eff. July 1, 2013) and 219(c) (eff. July 1, 2002). These rules provide, respectively, for sanctions (1) if a party signs and thereby certifies a pleading or document that is not well grounded in fact and (2) if a party fails to comply with court rules or orders relating to discovery or pretrial procedure.

¶ 16    The decision whether or not to impose sanctions for a party's failure to comply with the rules or orders of the court lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. See *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 110 (2004). An abuse of discretion occurs when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 14; *Spiegel v. Hollywood Towers Condominium Ass'n*, 283 Ill. App. 3d 992, 1002 (1996). Sanctions under Rule 219(c) apply only to a party's refusal to comply with court rules or orders relating to discovery or pretrial conferences and, thus, are not relevant in the instant case. The primary purpose of Rule 137 is to discourage attorneys and parties from filing frivolous or false matters and asserting claims without any basis in law or fact, by penalizing those who engage in such wrongful conduct. *Baker v. Daniel S. Berger, Ltd.*, 323 Ill. App. 3d 956, 963 (2001). In determining whether sanctions are appropriate, courts use an objective standard in determining what was reasonable under the circumstances as they existed at the time of filing. *Cook v. AAA Life Insurance Co.*, 2014 IL App (1st) 123700, ¶¶ 63-65.

¶ 17    The trial court did not abuse its discretion by denying Kuznar's petition for sanctions against Resurgence. According to the record, Resurgence informed the court that it did not receive a copy of either Kuznar's typed February 2013 motion to quash, which was filed less than two hours after the default judgment was entered, or the court's March 12, 2013 order vacating the default judgment. Resurgence stated that Kuznar did not mail a copy of the order vacating the judgment to Resurgence, so Resurgence issued the third-party citation in December 2015 without notice or knowledge that the judgment had been vacated. Resurgence stated that

the first notice it received that the default judgment had been vacated was Kuznar's January 14, 2016, emergency motion to dismiss the citation. Furthermore, when Resurgence learned on January 14, 2016, that its default judgment against Kuznar had been vacated, it voluntarily dismissed its third-party citation the next day and ensured that Kuznar's assets of 36 cents held by the bank were released and the account was unfrozen.

¶ 18    Rule 137 provides that a party signing a pleading, motion, or other paper certifies "that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact." Ill. S. Ct. R. 137 (eff. July 1, 2013). The record supports the trial court's decision to deny Kuznar's petition for sanctions under Rule 137 where Kuznar did not establish that Resurgence's complained-of conduct was knowing and willful. Resurgence's conduct was at worst inadvertent, especially considering the weight of the evidence indicating that Kuznar failed to send his motion to quash or the order vacating the judgment to Resurgence.

¶ 19    Second, Kuznar argues that the trial court erred in denying his motion to conduct discovery on whether Resurgence's counsel issued a "robo-signed" third-party citation. Kuznar claims that a "robo-signed" citation would violate section 1.15 of the Statute on Statutes (5 ILCS 70/1.15 (West 2012)). Kuznar also argues, for the first time on appeal, that Resurgence's alleged "robo-signed" citation would violate 15 U.S.C. § 1692 concerning fair debt collection practices.

¶ 20    This case involved a small claim because Resurgence sought to recover less than $10,000 from Kuznar. Ill. S. Ct. R. 281 (eff. Jan. 1, 2006). In order to propound discovery, Kuznar was required to obtain leave from the trial court. Ill. S. Ct. R. 287 (eff. Aug. 1, 1992). The decision to allow pretrial discovery in a small claim is a matter firmly within the discretion of the trial court. *Northern Illinois Gas Co. v. Murphy Excavating*, 212 Ill. App. 3d 486, 491 (1991).

¶ 21   We find that the trial court's decision to deny Kuznar's discovery request was not an abuse of discretion. Section 1.15 of the Statute on Statutes guides the court in instances of statutory construction by discussing the meaning of the terms "written" and "in writing." Accordingly, Kuznar's assertion that the signed citation somehow violated section 1.15 of the Statute on Statutes is nonsensical. Furthermore, Kuznar has forfeited any claim concerning 15 U.S.C. § 1692 by failing to raise that issue before the trial court. *In re Estate of Zivin*, 2015 IL App (1st) 150606, ¶ 25 ("it is well settled that issues, questions, points or contentions not presented in the trial court and properly preserved for review should not be considered on appeal").

¶ 22   Third, Kuznar argues that the trial court did not have jurisdiction to adjudicate Resurgence's complaint against Kuznar. Kuznar argues that Resurgence's actions forced him to take part in the court proceedings but his participation did not constitute submitting to the court's jurisdiction.

¶ 23   We review *de novo* the trial court's decision regarding personal jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. Personal jurisdiction can be established by service of process in accordance with statute, or by a party's voluntary submission to the court's jurisdiction. *Id.* ¶ 18. Section 2-301(a) of the Code of Civil Procedure (Code) provides that "[*p*]*rior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear*, a party may object to the court's jurisdiction over the party's person *** on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process." (Emphasis added) (735 ILCS 5/2-

301(a) (West 2012)). If the party objecting to jurisdiction files a responsive pleading or a motion outside the exception listed in section 2-301(a) of the Code, the party waives all objections to the court's jurisdiction over that party. 735 ILCS 5/2-301(a-5) (West 2012).

¶ 24    We find that Kuznar had submitted to the court's jurisdiction. When the trial court ruled on April 29, 2016, that Kuznar had submitted to its jurisdiction, the service of process by certified and first class mail had been quashed in March 2013. However, Kuznar had filed his petition for sanctions in January 2016, his motion for substitution of judge as of right in March 2016, his reply to Resurgence's response to the petition for sanctions in March 2016, his petition for discovery in March 2016, and his objection to and request to strike Resurgence's sur-reply to the petition for sanctions in March 2016. None of these listed motions and filings after March 2013 were motions to dismiss based on alleged insufficiency of service of process. Thus, Kuznar waived all objections to the court exercising personal jurisdiction over him according to the plain terms of section 2-301(a) and (a-5) of the Code.

¶ 25    Fourth, Kuznar argues that the trial court should have dismissed the complaint under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) because Resurgence failed to establish it exercised reasonable diligence in effectuating service after filing the complaint. Defendant argues Resurgence waited too long to file this lawsuit and thereby made it difficult or impossible for him to find the witnesses or evidence necessary to provide for a defense.

¶ 26    Rule 103(b) provides: "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice." Ill. S. Ct. R. 103(b) (eff. July 1, 2007). We review the trial court's denial of Kuznar's motion to dismiss under Rule 103(b) for an abuse

of discretion. *Emrikson*, 2012 IL App (1st) 111687, ¶ 12. Rule 103(b) does not dictate a specific time within which a defendant must be served. *Segal v. Sacco*, 136 Ill. 2d 282, 285 (1990). Rather, trial courts are given broad discretion to determine whether a plaintiff has exercised reasonable diligence. *Id.* at 285-86. Once a defendant has made a *prima facie* showing of a lack of reasonable diligence, the burden shifts to the plaintiff to demonstrate that reasonable diligence was exercised and that any delay in effecting service was justified. *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949-50 (2001). In determining whether a plaintiff has exercised reasonable diligence, courts consider the following factors: (1) the length of time it took to serve defendant; (2) plaintiff's efforts to effect service; (3) whether plaintiff knew the defendant's residence; (4) whether knowledge of defendant's residence could have been easily obtained; (5) whether defendant was actually aware of the action; (6) any special circumstances; and (7) whether defendant was actually served. *Segal*, 136 Ill. 2d at 287.

¶ 27 We find no abuse of discretion in the trial court's denial of Kuznar's motion to dismiss under Rule 103(b). According to the record, Resurgence presented evidence showing that it did not receive a copy of either Kuznar's motion to quash, which was filed less two hours after the default judgment was entered, or the court's March 12, 2013 order vacating the default judgment. Resurgence also presented evidence at the hearing showing that Kuznar had failed in another case to provide an attorney with notice of Kuznar's motion to quash and a copy of the court order quashing service. Furthermore, when Resurgence learned on January 14, 2016, that its default judgment against Kuznar had been vacated, it voluntarily dismissed its third-party citation the next day and ensured that Kuznar's assets of 36 cents held by the bank were released and the account was unfrozen. The trial court stated that it had weighed the credibility of Kuznar

as a witness and determined that he failed to give Resurgence notice that the default judgment had been vacated. The record supports the trial court's determination that any delay in effectuating service after the complaint was filed was caused by Kuznar's failure to give Resurgence notice that the trial court had vacated the default judgment.

¶ 28    Fifth, Kuznar argues that the trial court failed to dismiss Resurgence's complaint for failure to state a cause of action. Kuznar argues that Resurgence failed to state a cause of action for breach of contract because Resurgence failed to attach the alleged contract to the complaint and establish that Chase had issued credit to Kuznar and a balance was due under that account. Kuznar also argues that Resurgence failed to state a cause of action because Resurgence merely made conclusory allegations that Kuznar defaulted on his payment obligations on the alleged account and a balance allegedly was due. Kuznar also contends that Resurgence failed to establish its standing to pursue this claim by setting forth under oath how and when it acquired title to the Chase account debt. In addition, Kuznar asserts that the trial court should have stricken Resurgence's affidavit concerning the Chase balance and interest because the affiant was incompetent to testify to the information contained in the affidavit where Resurgence could not testify to the authenticity, accuracy, or completeness of Chase's business records.

¶ 29    After the hearing, the trial court ruled in favor of Resurgence, finding, *inter alia*, that it had pled and proved its cause of action and proved a valid chain of title concerning the credit card account debt from the original issuer to Resurgence. The record on appeal does not contain any transcript of the trial, bystander's report of the proceedings certified in accordance with Illinois Supreme Court Rule 323(c) (eff. Dec. 13, 2005), or the exhibits presented at trial. It is well established that the appellant has a duty to present the court with a proper record on appeal

so that the court has an adequate basis for reviewing the decision below. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a proper record, we must presume that the missing evidence supported the trial court's judgment and resolve any doubts arising from the missing evidence against the appellant. *In re Marriage of Rogers*, 213 Ill. 2d 129, 140 n.2 (2004). In the absence of the testimony of the witnesses and the exhibits entered into evidence, we must presume the trial court had a sufficient factual basis for its holding and that its order conformed to the law when the court found that Resurgence proved it had a legitimate claim to Kuznar's debt.

¶ 30    Sixth, Kuznar argues that the trial court should have dismissed Resurgence's complaint with prejudice because it was filed after the three-year statute of limitations had expired on January 12, 2012. Kuznar contends that the Chase credit card member agreement attached to Resurgence's complaint provided that, to the extent state law applied, the law of Delaware would govern the terms and enforcement of the agreement and account. Kuznar asserts Delaware's three-year statute of limitations started running on January 12, 2009, the date of the last activity in the account. Kuznar argues that Resurgence's January 23, 2012 complaint was filed after the statute of limitations had expired on January 12, 2012.

¶ 31    We disagree. Statutes of limitations are procedural, and the law of the forum state governs, even when a choice of law provision is part of the contract. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 351-52 (2002). Accordingly, Illinois law governs the timeliness of Resurgence's claim, and the appropriate statute of limitations to be applied to Resurgence's cause of action involving a defaulted credit card debt is five years.

*Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill. App. 3d 642, 652 (2009). Resurgence's claim was timely filed within the five-year statute of limitations.

¶ 32   Seventh, Kuznar argues that the trial court improperly sustained Resurgence's objections to Kuznar's questions at the evidentiary hearing concerning how much Resurgence had paid to acquire all rights, title, and interest to Kuznar's Chase credit card debt.

¶ 33   We review a trial court's decisions concerning the admission of evidence under an abuse of discretion standard. *Bulger v. Chicago Transit Authority*, 345 Ill. App. 3d 103, 110-11 (2003). However, we have no way of determining this issue because the record does not contain any trial transcript or bystander's report. In the absence of a proper record, we must presume that the missing transcript supports the trial court's evidentiary ruling and resolve any doubts against Kuznar. *In re Marriage of Rogers*, 213 Ill. 2d at 140 n.2.

¶ 34   Finally, Kuznar argues that the court erroneously found that Resurgence did not violate the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (West 2012), by failing to obtain proper service and filing a fraudulent third-party citation after the default judgment had been vacated. Kuznar argues that Resurgence's acts were unfair, deceptive, and contrary to public policy and generally recognized standards of business. Kuznar contends he suffered substantial economic and emotional harm as a direct and proximate cause of Resurgence's actions.

¶ 35   The standard of review in a bench trial is generally whether the judgment is against the manifest weight of the evidence. *Reliable Fire Equipment Co. v. Arredondo*, 2011 IL 111871, ¶¶ 12-13. It is the trial court's duty to judge the credibility of the witnesses, to determine the

weight to be accorded their testimony, and to resolve inconsistencies and conflicts. *Goldenberg v. Bazell*, 219 Ill. App. 3d 672, 678 (1991).

¶ 36    The trial court stated that it had weighed the credibility of Kuznar as a witness, Kuznar had failed to present any evidence of fraud, the trial court did not find any evidence of fraud, and Resurgence did not violate the Consumer Fraud and Deceptive Business Practices Act. In the absence of a proper record containing a hearing transcript or bystander's report, we resolve any doubts arising from the incomplete record against Kuznar and presume that the trial court's order was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 37                                        III. CONCLUSION

¶ 38    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 39    Affirmed.