NOTICE
Decision filed 04/06/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200379-U

NO. 5-20-0379

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| TONYA STAR JONES, a/k/a Anthony Jones, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 14-MR-36 |
| | ) | |
| EARL DIXON, | ) | Honorable |
| | ) | Robert M. Hopkins, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the Lawrence County circuit court's dismissal of the plaintiff's complaint because the court's finding that the plaintiff failed to exercise reasonable diligence in serving the summons upon the defendant was not an abuse of discretion.

¶ 2   The plaintiff, Tonya Star Jones a/k/a Anthony Jones, appeals the Lawrence County circuit court's dismissal of her complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4   The plaintiff is an inmate in the custody of the Illinois Department of Corrections. In November 2013, she was transferred from Pontiac Correctional Center to Lawrence

1

Correctional Center (Lawrence). Shortly after her arrival at Lawrence, the defendant, correctional officer Earl Dixon, allegedly told the plaintiff that she would need to have someone pick up her boxes of unpublished manuscripts during a prison visit or else the manuscripts would be destroyed. The plaintiff did not have anyone to pick them up, and her trust fund account had a negative balance so she could not mail the manuscripts. According to the plaintiff, the manuscripts were never returned to her, and the defendant told her they were destroyed. The plaintiff filed grievances with her counselor and the grievance officer about her missing unpublished manuscripts. The Administrative Review Board denied her grievance, finding that the issue was appropriately addressed by the facility's administration.

¶ 5    On July 7, 2014, the plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that the defendant violated her first and fourteenth amendment rights by taking her unpublished manuscripts from her without due process and in retaliation for filing grievances and lawsuits against the Department of Corrections. The plaintiff also filed a motion for leave to proceed as a poor person and for appointment of counsel. She sought financial assistance for her lawsuit, claiming that she could not afford the cost of the proceeding or retaining counsel. The plaintiff attached an inmate trust fund transaction statement dated June 25, 2014, indicating that she had a negative balance of $3154.97 in available funds. On July 31, 2014, she moved for emergency injunctive relief to be transferred to Stateville Correctional Center (Stateville) and for appointment of counsel.

¶ 6    On August 18, 2014, the plaintiff again moved for emergency injunctive relief to be transferred to Stateville and requested the appointment of counsel. A month later, she

2

asked for an immediate prison transfer. She moved for a default judgment and emergency injunctive relief for transfer to protective custody at Stateville in October 2014. She applied for injunctive relief four additional times between October 2014 and June 2015.

¶ 7 On August 19, 2015, the plaintiff filed a *pro se* motion for leave to file an amended complaint under 42 U.S.C. § 1983. In the amended complaint, she reasserted her first and fourteenth amendment claims. The plaintiff additionally argued that the staff at Lawrence violated her eighth amendment rights by turning on "loud *** blowers" nightly from 7 p.m. to 10 a.m., which interfered with her ability to sleep.

¶ 8 On October 19, 2015, after the plaintiff filed her amended complaint, she received three documents from the trial court. First, the court issued a "Notice to *Pro Se* Plaintiff/Petitioner." Relevant to this appeal, the notice provided: "Although the complaint or petition will be file marked when the clerk receives it, no **summons(es)** will issue until either the full filing fee is received or the local rule about inmate pauper civil court filings (Second Judicial Circuit Administrative rule #92-12) has been complied with." Administrative Order 92-12 provided that, to proceed *in forma pauperis*, the plaintiff was required to file (1) a pauper's affidavit describing all of her relevant financial information, and (2) a record of her inmate trust fund account for the six months immediately preceding the filing of her complaint. 2nd Judicial Cir. Ct. A.O. 92-12 (June 24, 1992). The notice further explained that, after the court received the required financial information from the plaintiff, it would determine what portion, if any, of the filing fee she would be required to pay. The notice then instructed the plaintiff that the circuit court clerk would issue summons to the defendant only after the court waived the filing fee or the clerk received

3

the required payment from the plaintiff. The notice explained that the plaintiff was responsible for tendering a properly completed summons to the clerk for issuance of service. Likewise, the notice informed the plaintiff she was responsible for sending the summons to the clerk when, or shortly after, the filing fee was paid if she did not include a completed summons with her initial filings.

¶ 9 The second document the plaintiff received from the trial court was a "Supplemental Notice Re Pauper's Affidavit & Trust Fund." This notice informed the plaintiff that the filing fee for her case was $106, and she had not properly filed a pauper's affidavit or an adequate record of her inmate trust fund with the court. The third document she received was an "Additional Notice Concerning Trust Fund Proof." This notice provided that Administrative Order 92-12 required her to file "a (certified) record of her IDOC inmate trust fund showing the record of deposits and debits to and from [her] trust fund for a period of six months preceding the date of filing (or the date of the application for indigency)." The plaintiff was advised that her trust fund record was incomplete because it only showed debits and did not show a record of deposits into the account. The notice further explained this was the reason that the court had not ordered the circuit clerk to permit issuance of the summons to the defendant in this case.

¶ 10 On November 16, 2015, the plaintiff moved to proceed as a poor person and for appointment of counsel. She explained that she had a negative trust fund balance of "over $3400" due to getting "legal copies and mailing out legal mail." She attached a pauper's affidavit to her motion. In the affidavit, she attested that she had: (1) no monthly income, (2) no dependents, (3) personal debts of $3414.57, and (4) no assets. The plaintiff also

4

attached her May 20, 2015, inmate trust fund transaction statement, which again only showed account debits and no credits. The plaintiff's final amount of available funds was negative $3335.16.

¶ 11    On November 19, 2015, the plaintiff moved to supplement her second motion to proceed as a poor person and for appointed counsel. She stated that her current trust fund balance was negative $3408.61. She attached her November 13, 2015, inmate trust fund transaction statement to this supplemental motion to confirm her negative account balance. In April 2016, she moved for emergency injunctive relief for a prison transfer to Stateville. She also twice requested leave to amend her complaint. In 2017, the plaintiff requested another prison transfer.

¶ 12    On August 28, 2018, the trial court sent the plaintiff another "Notice to *Pro Se* Plaintiff/Petitioner," informing her that she needed to comply with Administrative Order 92-12 to proceed *in forma pauperis*, explaining the steps required to comply with the rule, and noting that the circuit clerk would not issue the summons until after the plaintiff had completed those steps. On that same day, however, the court ordered the clerk to supply the plaintiff with a blank copy of the summons form so that the defendant could be served once the plaintiff returned the completed form to the clerk. The plaintiff did not complete and return the summons form in 2018 or 2019. In April 2019, she moved for emergency injunctive relief to be transferred to another prison.

¶ 13    On January 7, 2020, the plaintiff returned the completed summons form to the circuit court clerk, who then issued the summons for the defendant and gave it to the Lawrence County sheriff's office for service. Ten days later, the sheriff served the

5

summons on the defendant. On January 21, 2020, the summons was returned and filed in the trial court.

¶ 14 On February 3, 2020, counsel entered his appearance on behalf of the defendant. On February 14, 2020, the defendant moved to dismiss the complaint pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), because the plaintiff failed to exercise reasonable diligence to obtain service on him. In support of his motion, the defendant attached the trial court's record sheet, which showed that the plaintiff had received a copy of the summons from the court in August 2018 but waited until January 2020 to ensure that the summons was issued. The defendant explained that the plaintiff's failure to exercise reasonable diligence to obtain service resulted in him being served after the expiration of the applicable two-year statute of limitations. The defendant asserted that the plaintiff's limitation period began no later than July 7, 2014, the date she filed her complaint, and ended on July 7, 2016, two years later. However, the plaintiff's service on the defendant occurred over three years after the expiration of the statute of limitations. Thus, in failing to exercise reasonable diligence in serving the defendant, the plaintiff violated Rule 103(b) and dismissal of her action with prejudice was proper because service was outside the limitations period.

¶ 15 In response, the plaintiff argued that she had fully complied with all the trial court's orders. She contended that it was the court, not her, that created the five-year delay in issuing the summons after her complaint was filed.

¶ 16 After a teleconference hearing on June 25, 2020, the trial court granted the defendant's motion to dismiss the plaintiff's complaint with prejudice. In its written

6

memorandum of decision, the court noted that the plaintiff filed her complaint on July 7, 2014, she filed her amended complaint on August 19, 2015, summons was issued on August 18, 2018, and the defendant's actions that gave rise to the complaint took place in November 2013. The court found that the summons was not issued immediately after the complaint's filing because the plaintiff failed to comply with Administrative Order 92-12, although the court sent her several notices informing her of the need to comply with the court's local rules. The court found that on August 28, 2018,[1] it ordered that the summons would issue once the plaintiff tendered a properly completed summons to the clerk. Thereafter, the clerk supplied a copy of the August 28, 2018, order along with a blank summons form. The plaintiff delayed serving the defendant summons for over 16 months, *i.e.*, from the time the court ordered the summons to issue on August 28, 2018, until January 7, 2020, when the completed summons was finally returned to the clerk and issued.

¶ 17    The trial court found that the plaintiff's case had a two-year statute of limitations, which expired before she had the summons served upon the defendant. The court explained that the plaintiff bore the burden to show that she exercised reasonable diligence in obtaining service of process. The court concluded that the plaintiff failed to meet this burden given the length and circumstances of the delay and "the factors set forth in *Kole v. Brubaker*, 325 Ill. App. 3d 944 (1st Dist. 2001)." Thus, the court granted the defendant's motion and dismissed the plaintiff's complaint with prejudice. This appeal followed.

---

[1]Although the trial court's memorandum of decision explaining the grounds for dismissal stated that this occurred on October 28, 2018, our review of the record reveals that this was a typographical error as the court issued this order on August 28, 2018.

¶ 18                                    II. ANALYSIS

¶ 19    On appeal, the plaintiff argues that the trial court erred in granting the defendant's motion to dismiss her complaint with prejudice.  We disagree.

¶ 20    Under Rule 103(b), if a plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations has expired, the trial court may dismiss the case with prejudice.  Ill. S. Ct. R. 103(b) (eff. July 1, 2007).  In determining whether plaintiff exercised reasonable diligence, the court shall consider the totality of the circumstances.  *Id.*; *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 20 (mandate issued Nov. 4, 2021).  We review a dismissal pursuant to Rule 103(b) under an abuse of discretion standard.  *Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990).  A trial court abuses its discretion when its ruling is unreasonable, arbitrary, fanciful, or where no reasonable person would adopt the view of the trial court.  *Kramer*, 2021 IL App (5th) 200026, ¶ 20.  In considering whether the court abused its discretion, the reviewing court should not substitute its judgment for that of the trial court, or even determine whether the court exercised its discretion wisely.  *Id*. ¶ 22.

¶ 21    "Rule 103(b) does not set forth any specific time limitation within which a defendant must be served, but the rule has the essential purpose of promoting the expeditious handling of lawsuits by giving the circuit courts wide discretion to dismiss when service is not effectuated with reasonable diligence."  *Id.* ¶ 21 (citing *Segal*, 136 Ill. 2d at 285-86).  The rule's purpose is to protect defendants from unnecessary delays in service and to prevent circumvention of the statute of limitations.  *Id*.  Plaintiff bears the burden of proving

8

reasonable diligence in the service of process; plaintiff must also provide a reasonable justification for any apparent lack of diligence. *Id*.

¶ 22 The trial court applies an objective standard to determine whether a plaintiff exercised reasonable diligence in serving a defendant, with each case turning on its specific facts and circumstances. *Id*. ¶ 22. "The determination of whether a plaintiff failed to exercise reasonable diligence is a fact-intensive inquiry suited to balancing, not bright lines." *Id*. When ruling on a motion to dismiss pursuant to Rule 103(b), the court considers the following relevant factors: (1) the length of delay, (2) plaintiff's activities, (3) plaintiff's knowledge of defendant's whereabouts, (4) the ease with which defendant's location could have been ascertained, (5) defendant's knowledge of the lawsuit, (6) special circumstances resulting in delay, and (7) actual service on defendant. *Segal*, 136 Ill. 2d at 287. The foregoing factors should be considered in light of the purpose of Rule 103(b). *Id*.

¶ 23 Therefore, the question before us is whether the trial court abused its discretion in finding that the plaintiff failed to use reasonable diligence in obtaining service upon the defendant. Stated differently, we must determine whether the court's ruling that the plaintiff did not use reasonable diligence in serving the defendant following the filing of her lawsuit was unreasonable, arbitrary, fanciful, or whether no reasonable person would adopt the view of the court. We find that the plaintiff cannot meet this standard.

¶ 24 In considering the relevant factors and the facts of this case, we initially note that the amount of time that elapsed between the filing of the lawsuit and the eventual service on the defendant was approximately 5½ years. Further, the time that elapsed between the

9

trial court ordering that summons would issue once the plaintiff returned a completed summons form to the clerk and the plaintiff finally effectuating service on the defendant was approximately 16 months. While, as we previously noted, Rule 103(b) does not set forth any specific limitation within which a defendant must be served (*Kramer*, 2021 IL App (5th) 200026, ¶¶ 21, 25), a delay of five to seven months is generally considered sufficient "to make a *prima facie* showing of failure to exercise reasonable diligence" (*Verploegh v. Gagliano*, 396 Ill. App. 3d 1041, 1045 (2009)). Further, Illinois courts have repeatedly held that a delay between 7 to 10 months was sufficient to warrant dismissal. See, *e.g.*, *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 380-81 (1990) (dismissal with prejudice not an abuse of discretion where plaintiff never attempted to serve defendant at a known location for nine months after filing the lawsuit); *Kramer*, 2021 IL App (5th) 200026, ¶ 25 (this court found an eight-month delay weighed in favor of dismissal); *Penrod v. Sears, Roebuck & Co.*, 150 Ill. App. 3d 125, 129 (1986) (appellate court found plaintiff failed to exercise due diligence where he only made minimal efforts to obtain service over seven months); *Luebbing v. Copley Memorial Hospital*, 60 Ill. App. 3d 780, 781-83 (1978) (dismissal was proper where plaintiff did not attempt to serve summons until 10 months after the lawsuit was filed). As such, we find that the delay in this case was sufficient to support the court's finding in favor of dismissal.

¶ 25    We turn our attention to the next factor—the actions of the plaintiff. Along with her original petition, the plaintiff filed a "motion to direct sheriff to serve copy of the summons and complaint upon the defendant, C/O Dixon." She did not include a completed summons form with the motion, and no such motion was filed with her amended complaint.

10

After she filed her amended complaint on August 19, 2015, the plaintiff was informed by the trial court of the requirements to proceed *in forma pauperis* and to have the court serve the summons upon the defendant. She was also provided with an explanation of the specific reasons why she was not in compliance with Administrative Order 92-12 and what she needed to do to fulfill the rule's requirements. Nevertheless, the plaintiff did not cure her noncompliance. Although she had not satisfied the local rule by August 28, 2018, the trial court ordered the clerk to supply her with a blank copy of the summons form so the defendant could be served once she returned the completed form to the clerk. She failed to do that for another 16 months. The plaintiff has not alleged, much less provided any evidence, that she complied with the rule or took additional steps toward the issuance of summons. We find that this factor likewise supports the court's decision.

¶ 26 The third, fourth, and fifth factors—the plaintiff's knowledge of the defendant's whereabouts, the ease with which she could have ascertained this information, and the defendant's actual knowledge of the suit—also weigh in favor of the court's decision to dismiss the case. In the plaintiff's petition, she alleged that the defendant worked at the facility where she was an inmate. On the record before us, there is no indication that this changed so that she no longer knew the defendant's whereabouts. There is also nothing in the record to indicate that the defendant had actual knowledge of the suit prior to his being served on January 7, 2020, after the statute of limitations had expired.

¶ 27 The next factor to consider is any special circumstances that impeded the plaintiff's ability to accomplish proper service of process. We acknowledge that the plaintiff has proceeded *pro se* throughout this case. However, it is well settled that "*pro se* litigants

must comply with the same rules of procedure as would be required of litigants represented by counsel." *Kole*, 325 Ill. App. 3d at 952. We find this especially true where, as here, the trial court provided the plaintiff with detailed instructions as to how to proceed *in forma pauperis* and to effect service of process upon the defendant. Accordingly, this factor also weighs in favor of dismissal.

¶ 28 The final factor—actual service of process—typically addresses the ease with which service is eventually effectuated. See, *e.g.*, *Womick*, 137 Ill. 2d at 381; *Kramer*, 2021 IL App (5th) 200026, ¶ 27. Here, once the plaintiff returned the properly completed summons, the circuit court clerk issued summons for the defendant, and he was served 10 days later. Therefore, we find this factor also weighs in favor of the trial court's decision dismissing the plaintiff's complaint.

¶ 29 We note that the plaintiff has not addressed the foregoing factors on appeal. She also does not argue that she complied with the rule or that her failure to exercise reasonable diligence should be excused. Instead, she asserts that the prison administration as well as the trial court were racially biased against her. "A trial judge is presumed to be impartial, and the burden of overcoming this presumption rests on the party making the charge of prejudice." *People v. Faria*, 402 Ill. App. 3d 475, 482 (2010). We find that, in the absence of evidence or specific incidents beyond the trial court's rulings against her, the plaintiff's conclusory allegations are insufficient to demonstrate that the court was biased or prejudiced against her. The plaintiff further contends that it was the trial court who failed to act in furtherance of her lawsuit. However, the plaintiff, not the court, had a "nondelegable duty to deliver summons to the sheriff and to ensure that a prompt and

12

proper return was made." *Kole*, 325 Ill. App. 3d at 953. Here, the court offered to assist the plaintiff in serving the defendant, but only after she complied with the requirements of Administrative Order No. 92-12, which she failed to do. Thus, having considered all relevant circumstances and balancing the relevant factors, we conclude that the court did not abuse its discretion in granting the defendant's motion to dismiss upon finding that the plaintiff failed to exercise reasonable diligence in serving the defendant.

¶ 30    As to dismissal with prejudice, the limitations period for the plaintiff's claim, which arose from actions that allegedly occurred in November 2013, expired, at the latest, on July 7, 2016, two years after she filed her complaint. See *McGee v. Snyder*, 326 Ill. App. 3d 343, 352 (2001) (the statute of limitations for a 42 U.S.C. § 1983 claim brought in Illinois is two years). Nevertheless, the defendant was not served with summons until January 17, 2020, over three years after the expiration of the statute of limitations. Accordingly, we conclude that the plaintiff's failure to exercise reasonable diligence to obtain service on the defendant occurred after the expiration of the applicable statute of limitations, and indeed well afterwards, so that dismissal with prejudice was proper under Rule 103(b).

¶ 31                                III. CONCLUSION

¶ 32    For the reasons stated, we affirm the judgment of the Lawrence County circuit court dismissing the plaintiff's complaint.


¶ 33    Affirmed.

13