2022 IL App (1st) 210152-U

No. 1-21-0152

Order filed January 14, 2022

SIXTH DIVISION

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THOMAS WALKER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 12606 |
| | ) | |
| CHRISTINA DEMOS, | ) | Honorable |
| | ) | Daniel T. Gillespie, |
| Defendant-Appellee. | ) | Judge presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court did not abuse its discretion in dismissing premises liability action with prejudice for lack of diligence in serving process when the limitation period had long passed when plaintiff refiled his action and then did not effect service for 10 months despite knowing that defendant resided at the premises at issue.

¶ 2    This case concerns a premises liability action by plaintiff Thomas Walker against defendant Christina Demos. Plaintiff appeals from the dismissal of the action with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for lack of diligence in service

of process. Plaintiff contends that unintentional delay in serving process does not justify dismissal under Rule 103(b). Defendant responds that the trial court did not abuse its discretion when it determined that plaintiff failed to use reasonable diligence in attempting to serve defendant. For the reasons stated below, we affirm the judgment of the trial court.

¶ 3                                  I. JURISDICTION

¶ 4      The court dismissed plaintiff's November 2019 complaint with prejudice pursuant to Rule 103(b) on January 12, 2021, and plaintiff filed his notice of appeal on February 11, 2021. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6), and Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017) governing appeals from a final judgment in a civil case.

¶ 5                                  II. BACKGROUND

¶ 6      Plaintiff filed his complaint on November 14, 2019, alleging that he was injured from falling while delivering mail on December 15, 2016, at premises owned by defendant, and particularly that his fall was due to defendant's failure to exercise ordinary care and caution in maintaining the premises including gutters and downspouts and in removing ice and snow from the premises so that there was an unnatural accumulation of ice on the walkways thereof.

¶ 7      Summons was issued on November 14, 2019. An alias summons was issued and a special process server was appointed on February 13, 2020. Additional alias summonses were issued on September 3 and 10, 2020.

¶ 8      On January 12, 2021, the court issued an order granting defendant's motion to dismiss the complaint under Rule 103(b).[1] The court found that it "must grant the motion to dismiss with

_____

[1] The record on appeal does not include a copy of the motion.

prejudice because [plaintiff] has failed to exercise reasonable diligence in pursuing his claim and the statute of limitations on his action has long since run." After reciting the provisions and requirements of Rule 103(b), the court found that:

"it took ten months from the time [plaintiff] refiled his complaint for him to serve Defendant. The activities of [plaintiff] and his counsel at this time are unclear. [Plaintiff] claims he obtained three alias summons and appointed a special process server during this time, but does not submit any supporting documentation with his response.[2] Before being refiled the case was dismissed for want of prosecution on April 24, 2019. Case was dismissed for plaintiff's failure to comply with earlier orders on February 14, 2019 and April 3, 2019 to propound written discovery and enter a HIPAA qualified protective order. Plaintiff had actual knowledge of Defendant's location for the entire time, and in fact appears to have lived at the same residence as the Defendant the entire time. [Citation to plaintiff's response.] Given that Plaintiff and Defendant reside at the same address, Defendant may have had some knowledge of the pendency of the action. But on the other hand, since it was about a year and half from the time the original case was dismissed for want of prosecution to the time Defendant was served with the refiled case (and almost four years from the alleged injury), Defendant may have been surprised that Plaintiff still intended to pursue this action."

While plaintiff pointed to the coronavirus pandemic, the court noted that it was not closed but operating remotely from March 13, 2020, onwards. "The court knows service of process continued through the period of November 2019 to September 2020 because the Cook County Law Division

---

[2] The record on appeal does not include plaintiff's response to defendant's motion.

alone has thousands of cases in which service of process was effected during that period." Noting that over four years had passed from the alleged injury and the limitation period had long passed, the court found that "Plaintiff has run out of excuses" for serving process "on a slip and fall case at the Plaintiff's own residence. The totality of circumstances clearly show Plaintiff has failed to exercise reasonable diligence to obtain service on Defendant."

¶ 9     Plaintiff filed a motion to reconsider. He acknowledged that the case was refiled in November 2019, alleged that defendant was served with process on September 18, 2020, and acknowledged that defendant resided at the premises. He argued that the special process server appointed to serve the alias summons was unsuccessful in February and March of 2020 and that he was not relying on coronavirus closures alone to show why process was not served. "[J]ust because you know where someone lives does not mean you can force them to answer the door and given the circumstances at the time it is understandable that service may not have been achieved for 10 months." However, the record does not show that the reconsideration motion was heard. The notice of motion set forth a hearing date of February 12, 2021, but plaintiff filed his notice of appeal on February 11 referencing the January 12 order as the judgment being appealed.

¶ 10    The online docket records of the circuit court clerk show that plaintiff had brought another premises liability action against defendant: 2018 L 13465, filed on December 14, 2018. Defendant was served, appeared, and answered therein. The case was dismissed for want of prosecution in April 2019 and plaintiff's motion to vacate the dismissal was denied in June 2019. However, following an October 2020 motion by defendant, the court granted both parties leave to file an amended or additional pleading. The docket reflects that the case was pending at the end of 2020 but shows no proceedings in 2021.

¶ 11                                    III. ANALYSIS

¶ 12    On appeal, plaintiff contends that unintentional delay in serving process does not justify

dismissal under Rule 103(b). Defendant responds that the court did not abuse its discretion when

it determined that plaintiff failed to use reasonable diligence in attempting to serve defendant.

¶ 13    Rule 103(b) governs dismissal for lack of diligence in service of process and provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior

to the expiration of the applicable statute of limitations, the action as to that defendant may

be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain

service on a defendant occurs after the expiration of the applicable statute of limitations,

the dismissal shall be with prejudice as to that defendant only and shall not bar any claim

against any other party based on vicarious liability for that dismissed defendant's conduct.

The dismissal may be made on the application of any party or on the court's own motion.

In considering the exercise of reasonable diligence, the court shall review the totality of the

circumstances, including both lack of reasonable diligence in any previous case voluntarily

dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in

obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure."

Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 14    The purpose of Rule 103(b) is to promote the expeditious handling of cases by giving the

trial court broad discretion to dismiss when service was not effected with reasonable diligence,

and "to protect defendants from unnecessary delay in the service of process on them and to prevent

the circumvention of the statute of limitations." *Segal v. Sacco*, 136 Ill. 2d 282, 285-286 (1990).

One of the primary reasons for adopting Rule 103(b) was to prevent intentional delay in the service

of process that would postpone service until after the limitation period had run. *Id*. at 286. Relevant factors in determining whether a Rule 103(b) motion should be granted include (1) how long it took to obtain service; (2) the plaintiff's activities; (3) the plaintiff's knowledge of the defendant's location; (4) how easily the defendant's whereabouts could have been ascertained; (5) actual knowledge by the defendant of pendency of the action due to ineffective service; (6) special circumstances affecting the plaintiff's efforts; and (7) actual service on the defendant. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 212-13 (2007). "Rule 103(b) is not based upon a subjective test of plaintiff's intent but rather upon the objective test of reasonable diligence in effectuating service." *Long v. Elborno*, 376 Ill. App. 3d 970, 980 (2007).

¶ 15    The plaintiff has the burden of showing reasonable diligence in service of process, and dismissal under Rule 103(b) is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Case*, 227 Ill. 2d at 213; *Segal*, 136 Ill. 2d at 286. Specifically, a defendant must make a *prima facie* showing that the plaintiff failed to act with reasonable diligence, with the court making its evaluation on a case-by-case basis. *Carman-Crothers v. Brynda*, 2014 IL App (1st) 130280, ¶ 14. If the defendant shows that the time between filing and service suggests a lack of diligence, the burden shifts to the plaintiff to provide a reasonable explanation for the delay. *Id.*

¶ 16    Rule 103(b) does not establish a specific time limit for service of process; instead, time is a factor considered among all the circumstances. *Case*, 227 Ill. 2d at 213. The supreme court in *Segal* found an abuse of discretion in a dismissal for failure to place a summons for service for 19 weeks after the complaint was filed, finding that an inadvertent 19-week delay did not threaten the

trial court's ability to proceed expeditiously on the case and did not continue long after the limitation period expired. *Segal*, 136 Ill. 2d at 287-89.

> "It would not be an abuse of discretion for a circuit court to allow a dismissal with prejudice under Rule 103(b) for a delay equal to or shorter than the delay present in this case if the delay occurs under circumstances which serve to deny the defendants a 'fair opportunity to investigate the circumstances upon which liability against [the defendants] is predicated while the facts are accessible.' " *Id.* at 289 (quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273, 289-90 (1954)).

Delays in service from seven to ten months have been held sufficient to warrant dismissal under Rule 103(b). See *Carman-Crothers*, 2014 IL App (1st) 130280, ¶ 16 (10-month delay created *prima facie* showing); *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 25 (and cases cited therein).

¶ 17    The limitation period for a personal injury action is two years. 735 ILCS 5/13-202 (West 2018). A case dismissed for want of prosecution can be refiled within the limitation period or one year from dismissal, whichever is later. *Id.* § 13-217 (West 1994); *Eighner v. Tiernan*, 2021 IL 126101, ¶ 1 n.1 (2008).

¶ 18    We note before proceeding to the merits that the record on appeal does not contain a transcript of the hearing on the Rule 103(b) motion, and moreover lacks that motion and plaintiff's response despite the trial court referring to both in its order. Plaintiff as appellant bears the burden of providing a sufficiently complete record of the proceedings below to support his claim of error, and any doubts that may arise from the incompleteness of the record will be resolved against him. *Williams v. BNSF R. Co.*, 2015 IL 117444, ¶ 31. Absent an adequate record preserving the claimed

error, we must presume the trial court's order had a sufficient factual basis and conforms with the law. *In re Marriage of Gulla & Kanaval*, 234 Ill. 2d 414, 422 (2009).

¶ 19    Here, applying the relevant factors to the record available to us, we cannot conclude that the trial court abused its discretion in finding that plaintiff failed to exercise reasonable diligence in obtaining service. As to how long it took to serve defendant and actual service, the first and last factors, it took plaintiff about 10 months from filing the instant action in November 2019 to serve defendant in September 2020.

¶ 20    As to plaintiff's activities, he obtained an alias summons and had a special process server appointed in February 2020, and obtained another alias summons in September 2020, during which month he successfully served defendant. However, despite plaintiff having the burden of proving his reasonable diligence, the record does not establish his efforts beyond that, such as by a report or affidavit from the special process server.

¶ 21    As to plaintiff's knowledge of defendant's location and the ease of ascertaining her whereabouts, plaintiff acknowledges that she resides at the premises that are the subject of his action. Whether plaintiff is her tenant as the court stated in its order, or merely her postman as he alleged in the complaint, he would have known her home address.

¶ 22    As to defendant's knowledge of the pendency of this action, the record is silent. She certainly knew that the first action had been dismissed for want of prosecution. However, as the trial court noted, she may have been surprised by the refiling when process in this case was served so long after that dismissal that several months had passed since the apparent refiling deadline.

¶ 23    Lastly, the coronavirus epidemic has indisputably presented some special circumstances in litigation generally. However, we have no reason to conclude on this record that process was not

being served in the months after significant countermeasures began in mid-March 2020, especially where service was entrusted to a special process server rather than the sheriff, and especially when many people were at home much more than usual in the early weeks of the epidemic.

¶ 24    In sum, the fact that plaintiff clearly made *some* efforts at service must be balanced against the absence of fuller details of those efforts on this record and against the facts that defendant's whereabouts were easily ascertained and service was not effected for 10 months. Under such circumstances, we cannot find an abuse of discretion in the trial court's conclusion that plaintiff did not exercise reasonable diligence in serving process on defendant.

¶ 25    As to dismissal with prejudice, the limitation period for defendant's claim for a tort allegedly committed on December 15, 2016, expired on December 15, 2018, one day after he filed his original action. While the refiling – that is, the filing of the instant action – was timely because it was within a year of the dismissal of the original action, the limitation period had already expired about 11 months before the refiling. While plaintiff obviously could not serve defendant with process between the dismissal of his first action and filing of this action (*Case*, 227 Ill. 2d at 217), he then did not effect service on defendant for about 10 months. We must conclude that "the failure to exercise reasonable diligence to obtain service on a defendant occur[red] after the expiration of the applicable statute of limitations" (Ill. S. Ct. R. 103(b) (eff. July 1, 2007)), and indeed well afterwards, so that dismissal with prejudice was proper under Rule 103(b).

¶ 26                                          IV. CONCLUSION

¶ 27    Accordingly, the judgment of the circuit court is affirmed.

¶ 28    Affirmed.