Fourth Division
September 20, 2007

No. 1-05-3953

| | | |
|---|---|---|
| KATHRYN LONG, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 04 L 13549 |
| AHMED ELBORNO, Individually and as | ) | |
| Agent of Rush Oak Park Hospital, and | ) | |
| Rush Oak Park Hospital, Individually, | ) | Honorable |
| | ) | Abishi C. Cunnigham, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE NEVILLE delivered the opinion of the court:

Plaintiff, Kathryn Long (Long), filed a negligence action against the defendants, Dr. Ahmed Elborno (Dr. Elborno)[1] and Rush Oak Park Hospital (Rush). Rush filed a motion to dismiss the complaint pursuant to Supreme Court Rule 103(b), and the trial court granted the motion based upon Long's failure to exercise reasonable diligence in serving Rush with her summons and complaint. 177 Ill. 2d 103(b). On appeal, Long presents the following issues for review: (1) whether Rush's motion to dismiss Long's complaint was untimely; (2) whether Rush waived its right to file a motion to dismiss based upon the provisions in Supreme Court Rule 103(b) (177 Ill. 2d 103(b)); (3) whether

---

[1] The trial court also entered an order allowing plaintiff's motion to voluntarily dismiss count II of plaintiff's complaint against Dr. Ahmed Elborno without prejudice. We note that there is no sheriff's certification in the record which indicates that Dr. Elborno was served with a summons and complaint.

Long acted with reasonable diligence in serving Rush with her complaint and summons; and (4) whether the trial court abused its discretion when it granted Rush's motion to dismiss. For the reasons that follow, we affirm the judgment of the trial court.

BACKGROUND

On December 3, 2004, Long filed a two-count complaint against Dr. Ahmed Elborno and Rush and alleged that on December 3, 2002, the defendants negligently performed a vertebroplasty procedure on Long. According to the two-year statute of limitations for physicians or hospitals codified in section 13-212 of the Code of Civil Procedure (Code), the time for filing such a lawsuit expires two years after the cause of action accrues. 735 ILCS 5/13-212 (West 2004).

Long appended to her complaint a section 2-622(a)(2) affidavit. 735 ILCS 5/2-622(a)(2). (West 2004). In the affidavit, Bradley Lichtman, Long's attorney, averred that he was unable to obtain the physician's consultation required by section 2-622(a)(1) because (1) the statute of limitations would impair the action, and (2) because the consultation could not be obtained before the expiration of the statute of limitations. 735 ILCS 5/2-622(a)(1),(a)(2) (West 2004). On March 3, 2005, Long filed an affidavit and the written report from a physician required by section 2-622(a)(1) of the Code. 735 ILCS 5/2-622(a)(1) (West 2004). On March 30, 2005, Lichtman failed to appear for a case management conference, and the trial court dismissed the case for want of prosecution. However, the trial court vacated the dismissal when Lichtman filed a motion and explained that his failure to appear on March 30, 2005, on behalf of Long was due to a "docketing error."

On July 6, 2005, the sheriff served Long's complaint and summons on Neal Levin, an

authorized person to receive service for Rush, at Rush's hospital located at 520 South Maple, Oak Park, Illinois. On August 10, 2005, Rush filed its appearance and a demand for a jury trial. On August 19, 2005, Rush filed a motion to dismiss and maintained that the complaint served on the hospital did not have the affidavit and health professional's report filed by Long on March 3, 2005, attached to it, and that Long failed to exercise reasonable diligence in obtaining service on the hospital, thereby violating Supreme Court Rule 103(b). 177 Ill. 2d 103(b). At the same time, Rush served subpoenas for depositions and records on five of Long's health care providers.

On October 11, 2005, Long filed her response and attached the affidavit of her attorney (Lichtman). Lichtman averred that he personally filed the complaint on December 3, 2004, and although he acknowledged that he did not personally place the summons and complaint for service, he believed that the support staff at his firm, Evins & Sklare, would have the sheriff serve the defendants. Lichtman further averred that, while examining Long's case file on March 3, 2005, he noticed that the summons and complaint had not been served and, upon making this discovery, he once again directed the Evins & Sklare support staff to have the sheriff serve the defendants in Long's case. Lichtman averred that between March 3, 2005, and June 15, 2005, he directed the Evins & Sklare support staff to obtain service on the defendants on multiple occasions; however, he did not recall the specific dates that such directions were made. Lichtman further averred that it was not until June 15, 2005, that Evins & Sklare's clerk had the clerk of the circuit court file stamp the summons and, on June 17, 2005, the summons and the complaint were delivered to the Cook County sheriff to be served on the defendants. Lichtman averred that, although service of process matters were handled by the firm's support staff, service matters were overseen by the attorney assigned to the

case. Finally, Lichtman averred that from December 3, 2004, until June 17, 2005, the failure to place the summons and complaint with the sheriff for service on defendants was inadvertent and not intentional.

On October 17, 2005, Rush filed a reply in further support of its motion to dismiss. On November 7, 2005, after hearing the arguments of the parties, the trial court granted Rush's motion to dismiss with prejudice. The trial court's order also stated that "pursuant to Supreme Court Rule 304(a), this matter is final and appealable as there is no just reason for delaying enforcement or appeal or both." See 210 Ill. 2d R. 304(a).

ANALYSIS

Standard of Review

In this case, the trial court dismissed Long's complaint pursuant to Supreme Court Rule 103(b). 177 Ill. 2d 103(b). An appellate court applies an abuse of discretion standard of review when reviewing a trial court's order dismissing a complaint pursuant to Supreme Court Rule 103(b). Segal v. Sacco, 136 Ill. 2d 282, 286 (1990). Accordingly, we must determine whether the trial court abused its discretion when it entered the order that granted Rush's motion to dismiss Long's complaint. Segal, 136 Ill. 2d at 286.

I.

Timeliness

First, we address Long's argument that the trial court abused its discretion when it permitted Rush to file its motion to dismiss on August 19, 2005. Long relies upon two supreme court rules in support of her position. Supreme Court Rule 101(d) provides that a defendant is required to file an

answer or otherwise appear within 30 days after being served with a summons and complaint. 166 Ill. 2d R. 101(d). Supreme Court Rule 181(a) provides that a party may appear by filing a motion within the 30 day period of being served with a summons and complaint. 210 Ill.2d R. 181(a). According to Long, Rush filed its appearance on August 10, 2005, and its motion to dismiss on August 19, 2005, and they were both untimely, and therefore, the trial court abused its discretion when it failed to find that Rush's motion to dismiss was untimely.

In the motion to dismiss, Rush maintains that Long's affidavit and health professional's report were not attached to the complaint when the hospital was served on July 6, 2005. In Long's response to the motion to dismiss, she does not address Rush's argument or take the position that the complaint served on Rush included an affidavit and health professional's report. Our review of the record revealed that attached to Long's response to the motion to dismiss was Long's March 3, 2005, notice of filing, with an affidavit and a health professional's report appended to the notice. However, the record revealed that no certificate of service was attached to the notice of filing indicating that Long's affidavit and health professional's report were served on Rush. Because Long failed to address or deny Rush's contention that Long's affidavit and health professional's report were not appended to the summons and complaint that Rush received from the sheriff, and because the notice with the affidavit and report appended to it did not contain a certificate of service indicating that the affidavit and report were served on Rush, we conclude that Rush did not receive Long's affidavit and health professional's report when the hospital was served with Long's complaint or when Long filed the notice with the clerk of the circuit court.

In order to determine if Rush's answer and motion to dismiss were filed timely, we must

review Supreme Court Rules 101(d) and 181(a) and section 2-622 of the Code of Civil Procedure.

Supreme Court Rule 101(d) provides, in pertinent part, as follows:

> "[T]he summons shall require each defendant to file his answer or otherwise file his appearance within 30 days after service." 166 Ill. 2d 101(d).

Supreme Court Rule 181(a) provides, in pertinent part, as follows:

> "The defendant may make his or her appearance by filing a motion within the 30-day period, in which instance an answer or another appropriate motion shall be filed within the time the court directs in the order disposing of the motion. If the defendant's appearance is made in some other manner, nevertheless his or her answer or appropriate motion shall be filed on or before the last day on which he or she was required to appear." 210 Ill. 2d R. 181(a).

Section 2-622(a)(2) of the Code of Civil Procedure provides, in pertinent part, as follows:

> "The a defendant shall be excused from answering or *otherwise pleading* until 30 days *after being served with the certificate required by paragraph 1.*" (Emphasis added.) 735 ILCS 5/2-622(a)(2) (West 2004).

The certificate required by section 2-622(a)(1) is an affidavit by the plaintiff containing a written report from a health professional who reviewed the facts of the case and has indicated that there is a meritorious cause for filing the action. 735 ILCS 5/2-622(a)(1) (West 2004).

1-05-3953

Long maintains that Supreme Court Rules 101(d) and 181(a) are in direct conflict with section 2-622 (a)(2) of the Code. We disagree. We find no conflict between Supreme Court Rules 101(d) and 181(a) and section 2-622(a)(2) of the Code. 166 Ill. 2d 101(d); 210 Ill. 2d R. 181(a); 735 ILCS 5/2-622(a)(2) (West 2004). Both Supreme Court Rules 101(d) and 181(a) give a defendant 30 days to answer or otherwise plead (file a motion) after being served with a summons and complaint. 166 Ill. 2d 101(d); 210 Ill. 2d R. 181(a); 735 ILCS 5/2-622(a)(2) (West 2004). Section 2-622(a)(2) provides that the 30-day period does not commence until the defendant is served with an affidavit and a reviewing health professional's report. 735 ILCS 5/2-622(a)(2) (West 2004). If the plaintiff has been unable to obtain a written report and files an affidavit pursuant to section 2-622(a)(1), which Long did in this case, section 2-622(a)(2) tolls the 30-day limitations period to answer or otherwise plead prescribed by Supreme Court Rules 101(d) and Rule181(a) until the defendant is served with an affidavit and report. 735 ILCS 5/2-622(a)(2) (West 2004). We find that Supreme Court Rules 101(d) and 181(a) do not conflict with section 2-622(a)(2) of the Code because the limitations period in the rules simply does not commence until the defendant is served with an affidavit and report as required by section 2-622(a)(2) of the Code. 735 ILCS 5/2-622(a)(2) (West 2004). Accordingly, we find Long's argument that there is a conflict between Supreme Court Rules 101(d) and 181(a) and section 2-622(a)(2) of the Code devoid of merit because the 30-day limitations period in Supreme Court Rules 101(d) and 181(a) does not commence, pursuant to section 2-622(a)(2) of the Code, until the defendant receives the plaintiff's affidavit and health professional's report. See 166 Ill. 2d 101(d); 210 Ill. 2d R. 181(a).

In the event section 2-622(a)(2) did not toll the 30-day limitations period codified in Rules

101(d) and 181(a), we would still reach the same result regarding the filing of Rush's motion to dismiss. The trial court has discretion to allow a tardy filing of a motion to dismiss. In re M.K., 284 Ill. App. 3d 449, 455 (1996). We find that there was no abuse of discretion because Rush did not file a tardy appearance or motion to dismiss. Accordingly, because the limitations period in Rules 101(d) and 181(a) does not commence until the defendant is served with a copy of the affidavit and report, which Rush did not receive in this case, and because the appearance and motion to dismiss were filed timely, the trial court did not abuse its discretion when it granted Rush's motion to dismiss. In re M.K., 284 Ill. App. 3d at 455.

II.

Waiver

Next, Long argues that Rush waived its right to object to Long's failure to exercise reasonable diligence in serving her complaint by its active participation in discovery. Long argues that Rush's efforts to obtain her medical records through the issuance of subpoenas on August 19, 2005, amounted to active participation in its defense against Long's case that was sufficient to constitute a waiver of any objection pursuant to Supreme Court Rule 103(b). Rush responds that there was no waiver because it did not participate in defending against the litigation on its merits before filing its motion to dismiss pursuant to Rule 103(b).

Generally, a party must interpose a timely objection to his opponent's failure to exercise reasonable diligence in serving a summons and complaint before defending a suit on its merits. Kreykes Electric Inc. v. Malk & Harris, 297 Ill. App. 3d 936, 944 (1998). A defendant's participation in the defense of his case may constitute a waiver of a Rule 103(b) objection. Cannon v. Dini, 226

Ill. App. 3d 82, 85 (1992), citing Lovell v. Hastings,11 Ill. App. 3d 221, 223 (1973). However, the waiver rule in Lovell only applies where it is obvious that the defendant's participation and utilization of available pretrial discovery procedures were in anticipation of a defense on the merits. Daily v. Hartley, 77 Ill. App. 3d 697, 704 (1979).

We reject Long's waiver argument because Long has presented no authority for the proposition that a party that issues subpoenas to obtain medical records on the same day that it files a motion to dismiss has waived its Rule 103(b) objection because it is actively participating in the defense of the action on the merits. Although the waiver rule was discussed in Kreykes, Cannon, Lovell and Daily, this court only sustained a Rule 103(b) waiver objection in Lovell. Lovell, 11 Ill. App. 3d at 223. In Lovell, five months after service of the complaint and summons, the defendant answered interrogatories, was deposed by the plaintiff's attorney, and took the discovery deposition of the plaintiffs. Lovell, 11 Ill. App. 3d at 223. Two days after the deposition, the defendant filed its motion to dismiss for failure to exercise due diligence in obtaining service of process. Lovell, 11 Ill. App. 3d at 223. We note that 43 days (from July 6, 2005 (summons and complaint served), until August 19, 2005 (motion to dismiss filed)) after being served with the summons and complaint, Rush simultaneously filed its motion to dismiss and subpoenas for Long's medical records. We find that the Lowell defendant's acts of answering interrogatories, of submitting to a deposition, and taking a deposition indicate active participation in the defense of the action on the merits, and the aforementioned acts are distinguishable from Rush's act in the present case, where it issued subpoenas for Long's medical records. Accordingly, we hold that Rush's issuance of subpoenas on the same day that it filed its Supreme Court Rule 103(b) motion to dismiss does not constitute active

participation in the defense of the action on the merits sufficient to justify a waiver of its Rule 103(b) objection. <u>Cannon</u>, 226 Ill. App. 3d at 85; <u>Daily</u>, 77 Ill. App. 3d at 704.

### III.

### Supreme Court Rule 103(b)

Long also argues that it was an abuse of discretion for the trial court to find that she failed to exercise reasonable diligence in obtaining service of her summons and complaint on Rush when it granted Rush's motion to dismiss pursuant to Supreme Court Rule 103(b). 134 Ill. 2d R. 103(b). Supreme Court Rule 103(b) provides for dismissals for failing to exercise reasonable diligence when serving a defendant with a summons and complaint:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 134 Ill. 2d R. 103(b).[2]

---

[2] While we are mindful of the fact that Supreme Court Rule 103(b) has been amended, it would not change the result in this case. See Official Reports Advance Sheet No. 13, (June 20, 2007) R. 103(b), eff. July 1, 2007 ("If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of

1-05-3953

In <u>Kreykes</u>, 297 Ill. App. 3d at 940, this court discussed Supreme Court Rule 103(b) and the trial court's broad discretion in ruling on a motion to dismiss brought pursuant to Rule 103(b):

"We note that 'the rules of our supreme court are not aspirational. "They have the force of law, and the presumption must be that they will be obeyed and enforced as written."' <u>Billerbeck v. Caterpillar Tractor Co.</u>, 292 Ill. App. 3d 350, 353 *** (1997), quoting <u>Bright v. Dicke</u>, 166 Ill. 2d 204, 210 (1995). As a rule, the trial court has broad discretion in granting or denying a motion brought under Rule 103(b) (<u>Marks v. Rueben H. Donnelley, Inc</u>., 260 Ill. App.3d 1042, 1047 *** (1994)), and this court will not disturb the trial court's ruling absent an abuse of that broad discretion (<u>Stash v. Doll</u>, 223 Ill. App. 3d 662, 663 *** (1992)). The rule '"has an essential purpose in promoting the expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence."' <u>Segal v. Sacco</u>, 136 Ill. 2d 282, 285-86 (1990) (Ryan, J., dissenting), quoting <u>Karpiel v. La Salle National Bank</u>, 119 Ill. App.

limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure").

2d 157, 161 *** (1970). Furthermore, Rule 103(b) is not rooted in a subjective test of the plaintiff's intent but, rather, upon an objective evaluation of reasonable diligence in obtaining service of process. <u>Marks</u>, 260 Ill. App. 3d at 1047***, citing <u>Parker v. Universal Packaging Corp.</u>, 200 Ill. App. 3d 882, 886 ***(1990). We also note that the burden rests with the plaintiff to demonstrate reasonable diligence in effectuating service, and that the defendant is not required to establish that it was prejudiced by plaintiff's delay. <u>Billerbeck</u>, 292 Ill. App. 3d at 352***; <u>Tischer v. Jordan</u>, 269 Ill. App. 3d 301, 307 ***(1995);***." <u>Kreykes</u>, 297 Ill. App. 3d at 940.

In the present case, Long cites <u>Segal v. Sacco</u>, 136 Ill. 2d 282 (1990) in support of its argument that it exercised reasonable diligence in effectuating service on Rush. The supreme court in <u>Segal</u> identified the following seven factors a court must consider when determining whether to grant a Rule 103(b) motion: "(1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action***; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." <u>Segal</u>, 136 Ill. 2d at 287.

Based upon our review of Illinois cases, the first <u>Segal</u> factor to determine the exercise of reasonable diligence -- the length of time used to obtain service of process -- favors Rush. We note that the alleged injury occurred on December 3, 2002; the complaint was filed on December 3, 2004;

and the summons and complaint were served on July 6, 2005, seven months after the expiration of the statute of limitations. A time period exceeding seven months between the filing of the complaint on December 3, 2004, and service of the complaint and summons on July 6, 2005, supports a finding of a lack of reasonable diligence by Long. See <u>Tischer v. Jordan</u>, 269 Ill. App. 3d 301, 308(1995), citing <u>Schusterman v. Northwestern Medical Faculty Foundation</u>, 195 Ill. App. 3d 632, 639 (1990). The second <u>Segal</u> factor, the activities of the plaintiff, also fails to support Long's claim of reasonable diligence. Long argues that, after filing the complaint on December 3, 2004, but before effectuating service, she was actively seeking to obtain the health professional's report required by section 2-622(a)(1) of the Code. 735 ILCS 5/2-622(a)(2) (West 2004). Long's difficulty and delay in obtaining a section 2-622(a)(1) report did not excuse her from her duty to effectuate service on Rush after filing the complaint on December 3, 2004. <u>Lewis v. Dillon</u>, 352 Ill. App. 3d 512, 519 (2004).

Long acknowledges that after the complaint was filed on December 3, 2004, Lichtman and the Evins & Sklare support staff failed to have the summons issued by the clerk of the circuit court until June 15, 2005, a period exceeding six months. Long also acknowledges that the delay in issuing the summons resulted in the summons and complaint not being placed with the sheriff for service until June 17, 2005. Long argues that this delay was inadvertent and not intentional. However, delay, even when inadvertent and unintentional, provides no support for Long's position because the reasonable diligence requirement in Supreme Court Rule 103(b) is not based upon a subjective test of plaintiff's intent but rather upon the objective test of reasonable diligence in effectuating service. <u>Tischer</u>, 269 Ill. App. 3d at 307; <u>Lewis</u>, 352 Ill. App. 3d at 518.

Lichtman, on behalf of Long, had a nondelegable duty to deliver the summons to the sheriff

and to ensure that a prompt and proper return was made. Kole v. Brubaker, 325 Ill. App. 3d 944, 953 (2001). The absence of any credible explanation regarding efforts made to obtain service during this period supports the trial court's finding that there was a lack of diligence in effectuating service. See Kole, 325 Ill. App. 3d at 951. Our review of the record, including attorney Lichtman's affidavit, reveals that Long's activities between December 3, 2004, and June 15, 2005, support the trial court's finding that Long was not reasonably diligent in effectuating service on Rush.

The third Segal factor for determining if there has been reasonable diligence in effectuating service is Long's knowledge of Rush's location. Segal, 136 Ill. 2d at 287. The fourth Segal factor for determining reasonable diligence is the ease with which Rush's whereabouts could be ascertained. Segal, 136 Ill. 2d at 287. We note that the sheriff's certificate indicates that Rush was served on the sheriff's first attempt to serve the summons and complaint. However, we need not address these factors because Long has conceded in her brief that Rush has prevailed as to the third and fourth factors of the Segal test.

The fifth Segal factor for determining if there has been reasonable diligence in effectuating service is whether the defendant had actual knowledge of the pending action. Long argues that Rush knew of the pending action prior to service because, on August 19, 2005, Rush had subpoenas issued for the records of five of Long's health care providers. Rush responds that it did not learn of the pending action until it was served with the complaint, which did not have the affidavit and health professional's report appended to it as required by section 2-622(a)(1) of the Code. 735 ILCS 5/2-622(a)(1) (West 2004). Rush explains, however, that after being served on July 6, 2005, with the complaint, without the required affidavit and health professional's report appended, the hospital

- 14 -

examined the circuit court file and obtained a copy of Long's section 2-622(a)(1) affidavit and report, which Long filed on March 3, 2005, and which identified Long's health care providers.

Long's argument that Rush knew of the pending action prior to service because Rush issued subpoenas for the records of five of Long's health care providers is not supported by any facts in the record. The health care providers whose records Rush sought to subpoena were each identified in the health professional's report that was filed by Long on March 3, 2005 with the circuit court. Rush could have examined the court file and obtained Long's 2-622(a)(1) affidavit and health professional's report to obtain the identities of Long's health care providers in order to commence discovery. Moreover, even if Rush had notice of the pending action prior to being served, we find that this fact alone fails to overcome Long's seven-month delay in effectuating service. We find that Long has failed to present facts which establish that Rush had actual knowledge of the pending action.

The sixth Segal factor for determining whether there has been reasonable diligence to effectuate service is the existence of any special circumstances affecting the plaintiff's efforts. Segal, 136 Ill. 2d at 287. Long argues that the sole special circumstance in this case is that her failure to place the complaint for service for over a six-month period after having filed it was inadvertent and not intentional. Supreme Court Rule 103(b) is not based upon a subjective test of plaintiff's intent, but, rather, upon the objective test of reasonable diligence in effectuating service. Cannon v. Dini, 226 Ill. App. 3d at 85. Therefore, we place minimal weight on whether Long intended to delay serving Rush, but, instead, look to Long's efforts to exercise reasonable diligence in deciding whether any special circumstances mitigate against her delay in effectuating service. Lewis, 352 Ill. App. 3d at 516. The weight to be given to a "special circumstance" in relation to the other six Segal factors

which must be considered depends upon the particular facts in each case. Marks v. Rueben H. Donnelley, Inc., 260 Ill. App. 3d 1042, 1049 (1994).

Long fails to present any authority to support her argument that inadvertent delay in effectuating service by her attorney or her attorney's support staff is a special circumstance sufficient to outweigh the other Segal factors The trial court's previous dismissal of this case on March 30, 2006, for want of prosecution is a circumstance that further establishes Long's lack of reasonable diligence. Therefore, we find that no special circumstances existed that affected Long's efforts to timely serve Rush. Lewis, 352 Ill. App.3d at 518.

The seventh Segal factor for determining whether there has been reasonable diligence to effectuate service is whether Rush was actually served. Segal, 136 Ill. 2d at 287. We have found that Rush was served with the complaint, but was not served with an affidavit and the health professional's report. After the complaint was placed with the sheriff for service on June 17, 2005, the record indicates that Neal Levin, a person authorized to receive service for Rush, was served on July 6, 2005, at Rush hospital, approximately three weeks after the complaint was placed for service. The sheriff's certificate indicates that Rush was served on the first attempt. We find that service on Rush was not difficult to obtain because Long placed the summons and complaint for service with the sheriff on June 17, 2005, and, Rush was successfully served by the sheriff on the first attempt. Therefore, we find that this factor also favors Rush.

## CONCLUSION

In conclusion, we hold that the trial court did not abuse its discretion when it granted Rush's

1-05-3953

motion to dismiss Long's complaint because Long failed to exercise reasonable diligence in obtaining service on Rush.  Accordingly, the decision of the trial court is affirmed.

Affirmed.

CAMPBELL, J., and QUINN, J., concur.