2024 IL App (1st) 240628-U

SECOND DIVISION
December 17, 2024

No. 1-24-0628

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| BANK OF AMERICA, NA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | 21M1125967 |
| | ) | |
| MURALIDHAR NARAYANA, | ) | Honorable |
| | ) | John A. Simon & |
| Defendant-Appellant. | ) | Christ Stanley Stacey, |
| | ) | Judges Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Howse concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Summary judgment for creditor affirmed on claim against debtor for "account stated."

¶ 2   Plaintiff, Bank of America, NA, (BOA) filed a complaint against defendant, Muralidhar Narayana, alleging that defendant breached his credit card agreement by failing to make payments. In this appeal, defendant challenges the trial court's grant of summary judgment in favor of BOA.

¶ 3   The record shows that BOA filed a complaint against defendant on December 10, 2021. Defendant alleged that defendant was a resident of Cook County, that he applied for and received

a credit account, that he breached the agreement by failing to make periodic payments as required, and that the account was subsequently "charged off." BOA sought the unpaid balance of $11,251.81. BOA immediately issued a summons on that same date. On January 4, 2022, the sheriff issued a return affidavit indicating that he had attempted service at defendant's Chicago address, but had been unable to make contact with defendant.

¶ 4    At some point, BOA filed a motion for the appointment of a special process server, although a copy of that motion does not appear in the record on appeal. The trial court granted that motion on March 22, 2022. On May 13, 2022, BOA issued an alias summons. Defendant was served by a special process server on May 26, 2022.

¶ 5    On June 13, 2022, defendant filed his appearance and a response, generally denying the allegations of BOA's complaint.

¶ 6    On October 27, 2022, defendant filed a motion to dismiss BOA's complaint, asserting that the three-year Delaware statute of limitations applied to the action pursuant to the Illinois "borrowing provision," and that BOA's complaint was time barred when his last payment was made on April 3, 2019, and he was not served until May 27, 2022.[1] Defendant also alleged that BOA's complaint should be dismissed under Illinois Supreme Court Rule 103(b) (eff. July 1, 2017), because it failed to exercise "proper diligence" in serving him, "regardless of if [defendant] intentionally delayed service." Defendant noted that service occurred "over five months after the action was first filed." Defendant alleged that he had been "unable to prepare a defense in this matter" as a result of the delay, and asked the court to dismiss BOA's complaint with prejudice. Defendant later submitted several exhibits in support of his motion to dismiss, in particular, a

---

[1] This date appears to be a typographical error, as the affidavit of service indicates defendant was served on May 26, 2022, and defendant acknowledges that he was served on the 26th in his appellate brief.

portion of the credit card agreement indicating that the agreement "is governed by the laws of the State of Delaware."

¶ 7    BOA responded to defendant's motion to dismiss on November 22, 2022.  BOA alleged that the "law of the forum State controls procedural questions" like the applicable statute of limitations, and that in Illinois, the applicable statute of limitations to collect on a credit card debt is five years. BOA argued that the record showed that defendant's last payment was on April 3, 2019, and that BOA's complaint was filed December 10, 2021, less than three years after the limitations period began to run.  BOA also alleged that defendant waived any argument under Rule 103(b) by filing an answer and participating in the lawsuit, including issuing written discovery. And, in any event, BOA was diligent in effectuating service because the sheriff attempted service immediately after the complaint was filed, and since service was effectuated just over five months later.

¶ 8    On February 22, 2023, the trial court held a hearing on defendant's motion to dismiss.  No transcript of that hearing appears in the record on appeal. Following the hearing, the trial court entered a written order stating, "For the reasons stated in open court, Defendant's Motion to Dismiss is DENIED."

¶ 9    Thereafter, on December 12, 2023, BOA filed a motion for summary judgment. BOA alleged that on April 1, 2014, defendant had opened a charge account and entered into a credit card agreement, agreeing to be "responsible for all charges billed to the account." Defendant "made charges and transferred balances in the total sum of $11,251.81, after credit for payments and after accruing interest and late fees on the account pursuant to the terms of the agreement." BOA alleged that it sent monthly statements to defendant, which it attached to the motion, and that on November

30, 2019, BOA "charged off the account for failure to pay in accordance with the terms of the agreement."

¶ 10    BOA asserted that the court should grant summary judgment under the "account stated" theory, defined as "an agreement between parties who have had previous transactions that the account representing those transactions is true and that the balance stated is correct, together with a promise, express or implied, for the payment of such balance." *W.E. Erickson Construction, Inc. v. Congress–Kenilworth Corp.,* 132 Ill. App. 3d 260, 267 (1985). BOA alleged that the attached statements established that defendant used the credit card, that BOA performed on its obligations under the credit card agreement, and that defendant's account became past due on June 2, 2019, by failing to make the minimum payment as required. BOA alleged that it sent a final monthly billing statement for closing date November 5, 2019, which indicated that $11,251.81 was due and owing on the account, and that defendant did not notify it of "any unresolved discrepancies, errors or misapplied payments." Accordingly, BOA alleged that there was "no genuine issue of material fact" that defendant "used the card," that BOA "performed its obligations," that BOA "mailed to Defendant the attached statements and Defendant did not indicate that said statements contained any errors or discrepancies." Accordingly, BOA asked the court to enter summary judgment in its favor in the amount of $11,251.81.

¶ 11    On January 12, 2024, defendant filed a combined "opposition" to BOA's motion for summary judgment, and a cross motion for summary judgment. Defendant alleged that BOA's "argument under the account stated theory fails" because it "failed to send four of the statements in question to Defendant's address." Defendant noted that the address where the monthly statements were sent changed after the 63rd statement, and the last four monthly statements were sent to a P.O. box number. Defendant contended that he "never had" the P.O. box where the last

four statements were sent, and that his address remained the same as the prior address. Defendant asserted that BOA "provided no information, nor proof that [BOA] had consent from defendant to the change of address," and because he did not receive those statements, defendant had been unable to "object to fees and interest and final balance." Defendant also asserted that he had entered into the initial credit card agreement with FIA Card Services, which merged with BOA, and that BOA had not provided the "initial agreement" with FIA. Finally, defendant cross-moved for summary judgment, reiterating his claim that the action was barred by the Delaware statute of limitations, and that BOA "failed to exercise proper diligence in serving [d]efendant with the lawsuit."

¶ 12    In support of defendant's combined "opposition" and motion, defendant attached his own affidavit, in which he averred that he never "requested, authorized, or approved a change of address from my known residential address to any P.O. Box number" with BOA.

¶ 13    In reply, BOA noted that defendant "does not deny using the card, does not claim that [BOA] did not perform its contractual obligations by paying for his purchases, and does not deny that he failed to pay for the charges." Moreover, while defendant denied receiving the last four months of statements, he acknowledged that he resided at the address where the previous 63 months of statements were sent. Defendant did "not deny receiving the previous 63 months of statements and his affidavit never actually claims he did not receive the last four statements, only that he personally did not provide that address." BOA noted that the last four statement comprised only approximately $700 of the $11,000 debt," and accordingly, defendant's response suggested that BOA was at least "entitled to judgment for the balance listed on the last statement mailed to the address he 'authorized.' " Accordingly, BOA asserted that the court should enter "judgment of at least $10,514.11 based upon Defendant's failure to dispute the elements of a breach of contract nor the amount due at the time the address changed."

5

¶ 14    BOA further asserted that under the contract, BOA was permitted to change defendant's address, for example, if it "received a change of address notice, returned mail, or was notified by another 3rd party of an address change."

¶ 15    On February 13, 2024, defendant filed a surreply, asserting that he did not receive the last four monthly statements, that he continued to reside at the same address where the prior statements were sent, and that "[b]ecause the 64th through 67th statements did not reach Defendant, Defendant was unable to effectively dispute the balance presented in the final statement." Defendant also asserted that BOA could not seek to recover the balance from the 63rd monthly statement without amending its complaint, and that defendant "was not given a fair opportunity to contest the details of the 63rd statement." Defendant stated that "[w]ithout access to these [subsequent] statements, the 63rd statement cannot be adequately verified. *** Without the opportunity to review and dispute the subsequent statements, Defendant cannot be deemed to have implicitly agreed to the balance presented in the 63rd statement."

¶ 16    On March 20, 2024, the trial court held a hearing on the cross motions for summary judgment. No transcript exists in the record on appeal from that hearing.  After the hearing, the trial court entered a written order stating: "The Defendant's Cross Motion for Summary Judgment is denied. [BOA]'s Motion for Summary Judgment is granted in the reduced sum of $10,514.11 plus costs."  The following day, defendant filed a notice of appeal.

¶ 17    In this court, defendant raises several challenges to the trial court's denial of his motion to dismiss BOA's complaint, and its grant of summary judgment in favor of BOA. Defendant contends that the Delaware statute of limitations applies to this case, and that the statute of limitations expired on "May 2, 2022," before defendant was served on May 26, 2022. Defendant further asserts that he "did not waive his argument under Rule 103(b)," and that the court erred in

rejecting his argument that BOA's complaint should be dismissed under that Rule. Finally, defendant asserts that the circuit court erred in "failing to require [BOA] to submit an amended complaint" requesting the new reduced amount.

¶ 18    Defendant's appellate challenges relate to the trial court's denial of his motion to dismiss, and its grant of summary judgment in favor of BOA.

¶ 19    An assertion that a claim is barred by the statute of limitations is a matter properly raised by a section 2–619 motion to dismiss. *Porter v. Decatur Memorial Hospital,* 227 Ill.2d 343, 352 (2008). A circuit court's rulings on motions to dismiss (see *Freeman v. Williamson*, 383 Ill. App. 3d 933, 936 (2008)) as well as whether a particular statute of limitations applies to a cause of action (see *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008)) are reviewed *de novo*.

¶ 20    Summary judgment is appropriate only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2–1005(c) (West 2022). Where the parties have filed cross-motions for summary judgment, they request that the court decide the issues as a matter of law, conceding that there are no genuine issues of material fact and that only questions of law are involved. *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 24. We review *de novo* the trial court's judgment on cross-motions for summary judgment. *Id.*

¶ 21    Before turning to the merits of defendant's challenges, we must note certain deficiencies in the record on appeal. Specifically, our review of the challenged orders is hindered by the absence of a report of the proceedings, or an acceptable substitute, such as a certified bystander's report of the hearing. See Ill. Sup. Ct. R. 323(c) (eff. July 1, 2017). Defendant, as the appellant, bears the

burden of filing a sufficiently complete record of the trial court proceedings to support his claims of error. *Keefe v. Allied Home Mortgage Corp.*, 2016 IL App (5th) 150360, ¶ 27. Any doubts that arise from the record's incompleteness are to be resolved against the appellant and we presume that the trial court ruled in conformity with the law and sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 22 The written orders defendant appeals in this case do not set forth any basis for the court's rulings, findings or rationale. The order denying defendant's motion to dismiss states only "For the reasons stated in open court, Defendant's Motion to Dismiss is DENIED." And the order on the cross motions for summary judgment provides: "The Defendant's Cross Motion for Summary Judgment is denied. [BOA]'s Motion for Summary Judgment is granted in the reduced sum of $10,514.11 plus costs."

¶ 23 In order to determine whether there was actually an error, a reviewing court must have a record to review. See *In re Marriage of Dann*, 2012 IL App (2d) 100343, ¶ 3 ("Since we sit in review of the decision below, it is important for us to know what arguments were before the trial court for decision. *** Although our review of a summary judgment ruling is *de novo,* it is our preference to have before us whatever rationale the trial court offered in deciding the motion for summary judgment.") Nonetheless, we will review defendant's arguments to the extent possible in our *de novo* review.

¶ 24 We first address defendant's claim that the three-year Delaware statute of limitations applies to BOA's claim, and BOA's complaint should be dismissed as time barred.

¶ 25 Defendant relies on the Illinois "borrowing statute," which provides that "When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws

thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State." 735 ILCS 5/13-210 (West 2022).

¶ 26 Under the Illinois borrowing statute, the statute of limitations of another state will apply to bar an Illinois action "when the cause of action has arisen" in that state and when the other state's statute of limitations would in fact bar the action. For the borrowing statute to apply, all parties must be non-Illinois residents at the time the action accrued and until the limitations laws of the foreign state runs. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 309 Ill. App. 3d 730, 737 (1999).

¶ 27 Defendant contends that BOA is a Delaware corporation, and that defendant "at the time the action occurred and accrued, resided in Connecticut." Defendant further contends that the parties agreed that Delaware law would apply to the parties "contractual relationship."

¶ 28 BOA responds that the choice of law provision in the contract does not apply to procedural matters, like the applicable statute of limitations. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 351 (2002) ("Generally, choice of law provisions will be honored. [citations] As to procedural matters, however, the law of the forum controls. [citations] Statutes of limitations are procedural, merely fixing the time in which the remedy for a wrong may be sought, and do not alter substantive rights."). BOA also notes that the action did not "arise" in Delaware, as defendant defaulted at the time he was living in Connecticut, which has a six-year statute of limitations. Conn. Gen. Stat. Ann. § 52-576. Because Connecticut's statute of limitations would not bar the action, BOA contends that the Illinois borrowing statute would not apply, and the circuit court properly applied the Illinois statute of limitations.

¶ 29 Initially, we note that, even applying defendant's chosen statute of limitations, the record and parties' briefs suggest that defendant became an Illinois resident prior to its expiration. In

defendant's appellant brief, he acknowledges that he was an Illinois resident at least as early as January 4, 2022. He contends that he "did not leave his residence [in Chicago] at any point on January 4," and disputes that the sheriff attempted to serve him on that date. Accordingly, where defendant became an Illinois resident prior to the expiration of the statute of limitations in the foreign state, the Illinois borrowing statute would not apply. See *Employers Insurance of Wausau*, 309 Ill. App. 3d at 737 (for the Illinois borrowing statute to apply, "all parties [must] be non-Illinois residents at the time the action accrued *and until the limitations laws of the foreign state runs*." (emphasis added)).

¶ 30   Moreover, even if we applied the Delaware statute of limitations, BOA's complaint would still be timely filed. Defendant asserts that his "last payment date" was April 3, 2019, and "default occurred" on May 2, 2019. He contends that he was "not served until May 26, 2022, past the statute of limitations."

¶ 31   The date of service, however, is not the relevant date for determining whether an action is time barred. Rather, a statute of limitations provides a time limit for bringing a claim, not for effectuating service. See Statute of Limitations, Black's Law Dictionary (12th ed. 2024) ("A law that bars claims after a specified period; specif[ically], a statute establishing a time limit *for suing* in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)."). Here, BOA filed its complaint, bringing this cause of action, on December 10, 2021, well within even a three-year statute of limitations.

¶ 32   We next consider the trial court's denial of defendant's motion to dismiss under Rule 103(b). Ill. Sup. Ct. R. 103(b) (eff. July 1, 2017). Where, as here, a plaintiff has instituted the suit within a timely fashion, a defendant may still seek to dismiss the suit if the plaintiff fails to exercise reasonable diligence in obtaining service under Rule 103(b). If the failure to exercise diligence

occurs "prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." Ill. Sup. Ct. R. 103(b) (eff. July 1, 2017).

¶ 33    Rule 103(b) does not dictate a specific time within which a defendant must be served. *Segal v. Sacco,* 136 Ill. 2d 282, 285 (1990). Rather, trial courts are given broad discretion to determine whether a plaintiff has exercised reasonable diligence. *Id.* at 285–86. Once a defendant has made a *prima facie* showing of a lack of reasonable diligence, the burden shifts to the plaintiff to demonstrate that reasonable diligence was exercised and that any delay in effecting service was justified. *Kole v. Brubaker,* 325 Ill. App. 3d 944, 949–50 (2001). A court may consider many factors when determining whether to allow or deny a Rule 103(b) motion, including, but not limited to: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. *Segal,* 136 Ill. 2d at 286. A ruling on a motion to dismiss pursuant to Rule 103(b) will not be disturbed absent an abuse of discretion. *Womick v. Jackson County Nursing Home,* 137 Ill. 2d 371, 376 (1990).

¶ 34    Additionally, "a party must interpose a timely objection to his opponent's failure to exercise reasonable diligence in serving a summons and complaint *before* defending a suit on its merits." (Emphasis added.) *Long v. Elborno,* 376 Ill. App. 3d 970, 977 (2007). "A defendant's participation in the defense of his case may constitute a waiver of a Rule 103(b) objection." *Id.* "[T]he waiver rule * * * only applies where it is obvious that the defendant's participation and

utilization of available pretrial discovery procedures were in anticipation of a defense on the merits." *Id*.

¶ 35    Defendant contends that he "did not waive his argument under Rule 103(b)," and that the court erred in rejecting his argument that BOA's complaint should be dismissed under that Rule.

¶ 36    As explained above, the circuit court's written order generally denies defendant's motion to dismiss, but does not specifically address Rule 103(b) or the above factors. The order does indicate, however, that its ruling was based on reasons stated "in open court." Because defendant did not supply a transcript or acceptable substitute, we do not know what evidence was before the court regarding BOA's diligence or defendant's possible waiver based on his participation in this case, and we do not know whether the court discussed the above factors or what findings it made. As the appellant, defendant has the burden to provide a complete record on appeal to support his claims of error, and we resolve any doubts arising from an incomplete record against him. See *Foutch*, 99 Ill. 2d at 391-92 (1984). Accordingly, we are unable to review this claim of error, and we presume that the circuit court considered and properly applied the Rule 103(b) factors based on the evidence before it. See *Gakuba v. Kurtz,* 2015 IL App (2d) 140252, ¶ 22 (presumption that the court acted properly in absence of a complete record applies "especially" when standard of review is abuse of discretion).

¶ 37    Next, defendant asserts that the circuit court erred in "failing to require [BOA] to submit an amended complaint" requesting the new reduced amount, which he maintains was required under 735 ILCS 5/2-616 (West 2022). He recognizes that the court's order for a lesser amount "presumably reflects the Judge's acceptance of [defendant]'s argument that he should not be liable for the four statements *** that were delivered to the wrong address." Although defendant contends that he is "grateful for the Court's acknowledgement that he should not be liable for these

12

statements," he maintains that the court erred in failing to require BOA to file an amended complaint requesting the lesser amount. Moreover, because "the deadline for amendments had passed," defendant contends that "the proper course of action would have been for [BOA] to terminate the lawsuit and re-file it, seeking recovery based on the 63rd statement." Defendant asserts that granting summary judgment based on the 63rd statement "deprived [him] of the opportunity" to "challenge this new basis."

¶ 38    Defendant cites 735 ILCS 5/2-616, the statute governing amendments to pleadings, which provides that "At any time before final judgment amendments may be allowed on just and reasonable terms," and, even after judgment, a pleading may be amended "to conform the pleadings to the proofs."  Although the court has discretion to allow amendments under Section 2-616, that statute does not provide authority for defendant's claim that it was required to do so. Defendant does not provide any reasoned legal argument, explain the applicability of Section 2-616, nor does he cite any other authority for his claim that an amendment would be required under these circumstances.

> "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 39    In these circumstances, we would find that defendant waived appellate review of his claim that the court erred in failing to require BOA to amend its complaint. *Daniel v. Aon Corp.*, 2011 IL App (1st) 101508, ¶ 29 (finding waiver under Supreme Court Rule 341(h)(7) (eff. July 1, 2008)

13

where appellant set out "general contentions" but not "support in fact, law or the pages of the record relied upon").

¶ 40    Nonetheless, Section 2-616 is designed to allow a party to request that it be allowed to file an amended pleading, but it does not suggest that the court can or should require an amendment to a pleading for a party who does not ask to do so. 735 ILCS 5/2-616 (West 2022); *McNally v. Morrison*, 408 Ill. App. 3d 248, 260 (2011) (Under section 2-616, "[t]he trial court *may allow a party to amend its pleadings* at any time before final judgment 'on just and reasonable terms.' ") (Emphasis added).

¶ 41    In this case, BOA never sought to amend its complaint. To the contrary, the record shows that BOA was still seeking the full amount of damages it had originally prayed for in its complaint, but to the extent that the court credited defendant's contention that he had not received the last four statements, BOA asked that the court enter "judgment of *at least* $10,514.11 based upon Defendant's failure to dispute the elements of a breach of contract nor the amount due at the time the address changed." (Emphasis added).

¶ 42    Here, the court accepted defendant's contention that he did not receive the last four statements, entering judgment on the amount established by the monthly statements which were sent to an address which defendant acknowledged was correct. Defendant has presented no authority, and this court is aware of no authority which would suggest that a trial court is prevented from exercising its reasoned judgment to enter an award in an amount that is just, based on the evidence and arguments presented.

¶ 43    Defendant also contends that the decision to "grant relief to [BOA] based on the 63rd statement, without an amendment, deprived [him] *** of the opportunity to challenge this new basis adequately, resulting in procedural unfairness." He asserts that he "prepared his defense

based on the 67th statement" and "shifting to the 63rd statement deprive[d] [him] of the opportunity to properly address and contest the new basis of the claim." Defendant argues that an award based on the 63rd statement is not authorized because it "essentially creates a new contract" that the "parties never agreed to."

¶ 44    Defendant's argument, however, fails to recognize that BOA sought summary judgment on an "account stated" theory, under which defendant became liable for the balance based on his receipt of those statements and his failure to object to them within a reasonable time. See *W.E. Erickson Construction,* 132 Ill. App. 3d at 267.

> "The concept of 'account stated' has been explicated in several definitions. For example, it has been defined as an agreement between parties who have had previous transactions of a monetary character that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance. [Citations.] It has also been defined as an agreement between two parties which constitutes a new and binding determination of the balance due on indebtedness arising out of previous transactions of a monetary character, containing a promise, express or implied, that the debtor shall pay the full amount of the agreed balance to the creditor." *Motive Parts Company of America, Inc. v. Robinson,* 53 Ill. App. 3d 935, 938 (1977).

¶ 45    An account stated requires the mutual assent of both parties, that is, a meeting of the minds as to the correctness of the account, which is "usually the result of one party rendering a statement of account to which the other party acquiesces." *W.E. Erickson Construction, Inc.,* 132 Ill. App. 3d 260, 267 (1985) (citing *La Grange Metal Products v. Pettibone Mulliken Corp.,* 106 Ill. App.

3d 1046, 1053 (1982); *Motive Parts Company of America, Inc. v. Robinson,* 53 Ill. App. 3d 935, 938 (1977)).

> "The form of acquiescence is immaterial and the meeting of the minds may be inferred from the conduct of the parties and the circumstances of the case. Where a statement of account is rendered by one party to another and is retained by the latter beyond a reasonable time without objection, this constitutes a recognition by the latter of the correctness of the account and establishes an account stated." *W.E. Erickson Construction,* 132 Ill. App. 3d at 267 (citing *La Grange Metal Products,* 106 Ill. App. 3d. at 1053; *Allied Wire Products, Inc. v. Marketing Techniques, Inc.,* 99 Ill. App. 3d 29 (1981); *Motive Parts Company of America,* 53 Ill. App. 3d at 939). See also *La Grange Metal Products* 106 Ill. App. 3d 1046, 1053 (1982) ("the retention of the statement of account without objection within a reasonable time constitutes an acknowledgment and recognition by the latter of the correctness of the account and establishes an account stated").

¶ 46    Under the account stated theory, BOA was not required to seek reimbursement on only the final statement, nor was the trial court required to enter judgment in the full amount, or nothing. Rather, each statement created a new "account stated," so long as that statement was "retained by [defendant] beyond a reasonable time without objection." *Allied Wire Products,* 99 Ill. App. 3d at 40.

¶ 47    Defendant does not dispute that he received 63 of the monthly statements that were sent to an address he authorized.  Defendant also did not dispute BOA's contention that he never objected to those statements within a reasonable time after their receipt.  In these circumstances, defendant has suffered no prejudice from the trial court's decision to enter judgment on the 63rd monthly

statement, which defendant received and did not object to, and we find no error in the trial court's conclusion that BOA established an "account stated" based on that statement.

¶ 48    Finally, we note that defendant briefly asserts that BOA has "refused to produce the original FIA agreement, leaving [d]efendant with no recourse to confirm the terms and agreement agreed upon at the inception of the credit card account. The absence of the original agreement casts doubt on the validity of any alleged debt owed by [d]efendant."

¶ 49    As stated above, BOA sought summary judgment on an "account stated" theory, and not on the original contract. Because a claim of account stated is "founded upon a promise to pay that debt, not the original promise to pay under the contract" (*Patrick Engineering, Inc. v. City of Naperville,* 2012 IL 113148, ¶ 56), the original contract is not necessary to establish defendant's liability. An account stated "raises a new cause of action between the parties, matters of anterior liability which are pertinent to a cause of action upon the original contract, such as lack or failure of consideration, may not be raised as defenses because the action is founded upon the promise to pay the balance ascertained and not upon the original contract." *Chicago & Eastern Illinois R. Co.,* 87 Ill. App. 3d at 330. Accordingly, defendant's failure to object within a reasonable time creates an account stated, precluding consideration of affirmative defenses based on the original contract, and the original contract was not required. *Id.*

¶ 50    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 51    Affirmed.